. KETCHUM vs. BREED.

*December 16, 1881 — January 10, 1882.*

*Res Adjudicata.*

The question of the plaintiff's liability for any deficiency upon a foreclosure sale of mortgaged premises having been put in issue by the complaint and his answer in the foreclosure suit, and determined against him by the judgment, he cannot have that question retried by a suit to restrain the enforcement of that judgment.

APPEAL from the Circuit Court for *Waupaca* County.

The cause was submitted on the brief of *E. Mariner*, as attorney, with *F. M. Hoyt*, of counsel, for the appellant, and that of *G. W. Cate* for the respondent.

COLE, C. J. This is an appeal from an order refusing to dissolve an injunction restraining the defendant, *Breed*, from

collecting a judgment which he had obtained against the plaintiff and others. The judgment was rendered on the 12th day of February, 1880, for the deficiency in a foreclosure action. At the next term of court the plaintiff moved on affidavits to set aside the judgment and for a new trial, setting forth the reasons why he failed to be present at the trial and make his defense, claiming that he had established a case of excusable neglect under the statute. The motion to set aside the judgment was denied, and on appeal that order was affirmed by this court. 51 Wis., 164. The complaint and accompanying affidavit upon which the injunction was granted, set forth substantially the same facts as those stated in the affidavits used on the motion to set the judgment aside.

The defendant's counsel claims that there is no equity in the complaint, and that this is practically an attempt to retry the former case. We think counsel is clearly correct in that view of the case. All the material matters stated in the complaint as a ground for relief against the judgment were necessarily involved in the former appeal, and were decided adversely to the plaintiff. Therefore, upon well-settled principles, that adjudication is conclusive and binding upon him; he cannot in this manner retry the question whether he was personally liable to pay any deficiency arising on a sale of the mortgaged premises or not. That matter is *res adjudicata.* Among other papers used on the motion to vacate the injunction herein, were the original pleadings, affidavits and proceedings in the former case. And it plainly appears from these papers that one issue made on the complaint and answer of this plaintiff in the foreclosure action was, whether the latter, when he purchased the mortgaged property of Wakefield, agreed and became bound to pay the Rich mortgage as a part of the purchase money. That issue was decided against him. It is true, he moved to set aside the judgment, because, for the reasons stated in his affidavits, he failed to be present and produce his evidence upon the trial. But this court said he showed no sufficient ground for being relieved from the judg-

ment. Now, if that judgment is not conclusive as to the plaintiff's liability to pay the deficiency arising on the sale of the mortgaged property, it is certainly difficult to see when he will be estopped from litigating that question. We can perceive no equity in the complaint, and the motion to dissolve the injunction should have been granted.

*By the Court.* — The order of the circuit court, refusing to vacate the injunction, is reversed, and the cause remanded for further proceedings according to law.