BEAUPRE and others, Respondents, vs. BRIGHAM and another, Garnishees, Appellants.

*March 20 — April 9, 1891.*

*Garnishment: Jurisdiction of non-resident.*

1. In order to give a court of this state jurisdiction of a nonresident defendant by personal service of the summons and complaint on him out of this state, there must be a valid order for the publication of the summons and mailing of copies of that and the complaint to the defendant at his postoffice address, which address must be

shown by the affidavit for such order, if it is ascertainable. Where such affidavit showed that defendant resided at St. Paul, Minn., and the order for publication required the copies mailed to be directed to defendant at the postoffice at Bayfield, Wis., *held*, that personal service on him at St. Paul, under the alternative clause of the order, did not confer jurisdiction, and a judgment against him by default was void.

2. The defect of jurisdiction, in such a case, is not waived or obviated by the fact that the defendant was present as a witness for the garnishees in an action against them. That cannot operate as an appearance in the action against himself.

3. Where the garnishment is not in aid of an execution, a trial cannot be had nor a judgment be rendered against the garnishees until after a valid judgment has been rendered against the principal defendant; and, under sec. 2766, R. S., the garnishees may take advantage of any defect in the proceedings, and may defeat the garnishment by showing that the judgment against the principal debtor is void for want of jurisdiction.

APPEAL from the Circuit Court for *Bayfield* County. The facts sufficiently appear in the opinion.

For the appellants there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *W. F. Shea*. They contended, among other things, that no jurisdiction had been obtained over the principal defendants, and hence the judgment against them was invalid, and none could be rendered against the garnishees, citing the cases referred to in the opinion.

For the respondents there was a brief by *W. H. Downs*, and *W. H. McDonald*, and *Richmond & Smith*, and oral argument by *W. H. McDonald*. They argued that the order of publication was in effect two orders, and personal service out of the state, in compliance with the alternative clause, was a complete service. In this case, the garnishees objected to the admission of the judgment roll against the principal debtor in evidence simply as "incompetent and immaterial." To avail them, the objection should have specifically pointed out the defect of jurisdiction. *Pennoyer v. Neff*, 95 U. S. 714; *Salter v. Hilgen*, 40 Wis. 363; *Pier v.*

*Amory*, id. 571; *Van Dresar v. Coyle*, 38 id. 672; *Pinger v. Van Click*, 36 id. 143.  The principal debtor was in court in the garnishee action, knew of the judgment, and did not appeal from it.  The court therefore had jurisdiction to render the judgment it did, and he is estopped thereby.  By participating in that trial, as allowed by sec. 2765, R. S., he is bound by the judgment.  *Yates v. Shepardson*, 37 Wis. 315; *Northrup v. Shepard*, 26 id. 222; *Kemp v. Heine*, 48 id. 32; *Williams v. Starr*, 5 id. 547; *Everdell v. S. & F. du L. R. Co.* 41 id. 395.

TAYLOR, J.  The respondents commenced an action against William Keefe on contract, and in said action the said appellants *Brigham* and *Mussel* were summoned as garnishees, claiming that they were debtors to the said defendant Keefe. On the trial of the garnishee action the respondents recovered a judgment against the appellants for the sum of $930.74, and from the judgment entered in favor of the respondents the said garnishees appeal to this court.

Upon the hearing of the appeal in this court the appellants assign for error: "(1) That the court erred in admitting evidence; (2) that the court erred in denying appellants' motion for a nonsuit; (3) that the court erred in excluding evidence; (4) that the court erred in instructing the jury; (5) that the court erred in denying appellants' motion to set aside the verdict and grant a new trial."

After a full consideration of the record, we have concluded that the respondents were not entitled to a judgment against the garnishees at the time of the trial in the court below, nor at the time the judgment was entered against them.  We have arrived at this conclusion from the fact that the record discloses that the proceedings in the action by the respondents against their original debtor, Keefe, were void, and that no valid judgment had been rendered against Keefe in said action.  The record shows that the

defendant Keefe was a nonresident of the state, and in the action against him he was proceeded against as a nonresident defendant having property subject to garnishment in this state. The said Keefe did not appear in said action, and a judgment by default was entered against him in the circuit court of Bayfield county. Several exceptions are taken by the appellants to the validity of said judgment. It is claimed by the learned counsel for appellants (1) that the affidavit upon which the order for service by publication was obtained was insufficient, and that the order was void for that cause. (2) That the order on its face was void, for the reason that it disclosed that the residence of the defendant was in St. Paul, Ramsey county, Minn., and that the affidavit upon which the order was founded also states that the defendant resides at St. Paul, Ramsey county, Minn., yet the order directs " that said plaintiff shall deposit in the postoffice at Bayfield, and state of Wisconsin, a copy of said summons, together with a copy of the complaint, together with the garnishee papers in said action, securely inclosed in, an envelope, with the postage thereon duly prepaid, addressed to the defendant *at Bayfield postoffice, in the county of Bayfield and state of Wisconsin.* It is further ordered that at the option of the said plaintiff a copy of said summons and a copy of said complaint be delivered to the said defendant personally without the state of Wisconsin, and that, when said copy of the summons and said copy of the complaint have been delivered to the defendant, such delivery shall have the same effect as the completed publication of said summons and the mailing of said summons and complaint heretofore provided for would have had. Dated May 6, 1889." (3) The learned counsel insist that the judgment was void because entered by the clerk in vacation without the order of the court. As we have concluded that the order of publication is void because of its direction to mail the summons and complaint addressed to

the defendant at Bayfield postoffice, in this state, when the affidavit upon which the order is based shows that his residence was at St. Paul, Minn., we do not think it necessary to consider the other objection made to the judgment.

That this order is irregular and void is clear under the provisions of the statute authorizing service by publication. Sec. 2640, R. S., which prescribes what the order shall contain, reads as follows: " The order mentioned in the preceding section shall be made by the court or a judge thereof. The application therefor shall be based upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist; and that the plaintiff is unable, with due diligence, to make service of the summons upon the defendant in respect to whom such order is applied for; and also the post office address of such defendant, or that the plaintiff is unable, after due diligence, to ascertain it. The order shall direct that service of the summons be made by its publication in a newspaper to be designated as most likely to give notice to the defendant to be served, for such length of time as shall be deemed reasonable, not less than once a week for six weeks; and that on or before the day of the first publication the plaintiff deposit, in a specified postoffice, a copy of the summons, together with a copy of the complaint, or of a notice of the object of the action, as the case may require, securely inclosed in an envelope, the postage duly paid, addressed to the defendant at his post-office, to be therein named, or a direction that such deposit may be omitted because the defendant's postoffice address cannot be ascertained; or that, at the plaintiff's option, a copy of the summons, and a copy of the complaint or of the notice aforesaid, be delivered to the defendant personally without the state; which, when done, shall have the same effect as a completed publication and mailing. The first publication must be made within three months from the date of such order, and service shall be deemed complete at

the expiration of the full period prescribed by the order after the date of the first publication, copies having been duly deposited in the postoffice when required."

The right of the court to proceed against a nonresident defendant, in order to subject his property within this state to the process and jurisdiction of the courts of this state, without obtaining personal service upon him within this state, is regulated solely by statute; and this court, as well as all the other courts, hold that the statute must be strictly complied with in order to give any validity to a judgment rendered on such proceedings. *Anderson v. Coburn*, 27 Wis. 558, 563; *Cummings v. Tabor*, 61 Wis. 185, 191; *Manning v. Heady*, 64 Wis. 630; *Witt v. Meyer*, 69 Wis. 595; *Galpin v. Page*, 18 Wall. 350, 369; *Morse v. Presby*, 25 N. H. 302; *McMinn v. Whelan*, 27 Cal. 300; *Likens v. McCormick*, 39 Wis. 313. Several cases will be found cited on page 1520, S. & B. Ann. Stats., showing the strictness with which proceedings of this kind must conform to the statute in order to give the court jurisdiction to enter judgment therein. *Pollard v. Wegener*, 13 Wis. 569; *Fladland v. Delaplaine*, 19 Wis. 459. That the part of the order which directs the place to which the summons and complaint must be mailed is a material part of the order is made evident from the reading of the section above quoted. In the first part of the section it requires the applicant for the order to state in his affidavit the postoffice address of the defendant, if known, and, if not known, that he is unable, after due diligence, to ascertain the same; and in giving the form of the order it is required that the order shall "direct that the plaintiff shall deposit in a specified postoffice a copy of the summons, etc., addressed to the defendant at his postoffice, to be therein named, or a direction that such deposit may be omitted because the defendant's postoffice address cannot be ascertained," etc. .The object of this requirement is to bring notice to the defendant that

the action has been commenced against him, so that he may, if he sees fit, appear and defend the same. Any wrong direction in regard to this matter is a material defect in the proceeding, prejudicial to the defendant, and renders the substituted service void. See cases above cited. The learned counsel for respondents insist that the wrong direction in the order in this case is evidently a clerical mistake, and it should be read as though the direction was to address the inclosed summons, etc., to the defendant at St. Paul, Minn. We cannot determine, upon the record, whether the wrong direction was a clerical mistake or not. So far as it appears in the record, it seems to have made been deliberately and intentionally. In a proceeding which is strictly statutory we do not think we are at liberty to declare this as mere clerical error.

The learned counsel further insist that, as they did not publish the order or mail the summons and complaint as directed by the order, but served the papers personally upon the defendant out of the state, as authorized by the statute and the order, the defect in the order should not vitiate the proceedings. But under the statute no service of the summons and complaint on the defendant out of the state can have any efficacy to give the court jurisdiction to render judgment against the defendant unless the plaintiff in the action shall first procure a valid order for publication in the manner prescribed by law; and, when such order is obtained, then, and then only, the defendant may, in lieu of publication and mailing the summons as directed in the order, serve them personally on the defendant outside of the state, and in such case such service outside of the state is substituted for the publication of the order and mailing the summons and complaint. In order to attain jurisdiction to enter judgment against the defendant, who is a non-resident, and is not served in the state, and who does not voluntarily appear in the action, a valid order for publica-

tion must be first obtained, and, when that is obtained, a publication and mailing of the summons and complaint must be made as directed in the order, or, in lieu thereof, a personal service may be made on the defendant outside the state.   A personal service outside of the state cannot cure any material defect in the proceedings to obtain the order for publication or in the order itself.   *Stuntz v. Tanner*, 61 Wis. 248; *Manning v. Heady*, 64 Wis. 630; *Pier v. Amory*, 40 Wis. 571; *Market Nat. Bank v. Pacific Nat. Bank*, 89 N. Y. 397; *Weatherbee v. Weatherbee*, 20 Wis. 500; *Keeler v. Keeler*, 24 Wis. 522.   Sec. 2766, R. S. 1878, among other things, provides "that when the garnishment is not in aid of an execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, although it may be noticed for trial."   This court has repeatedly held, under this provision, that the garnishee defendant may take advantage of the fact that no judgment has been entered in the original action, and it is also held that mere formal judgment does not conclude the garnishee, but he may take advantage of anything in the proceedings in the original action which shows that the court had no jurisdiction to enter such judgment against the original defendant.   *Streissguth v. Reigelman*, 75 Wis. 212; *Frisk v. Reigelman*, 75 Wis. 499; *Healey v. Butler*, 66 Wis. 9.

One of the reasons for holding this rule, in addition to the express declaration of the statute on the subject, is to make the judgment against the garnishee conclusive against the original debtor in an action by him against the garnishee for the same debt which has been garnished in such garnishee action.   This end is further secured by the requirement of sec. 2756, R. S., requiring a service upon the original debtor of a notice of the commencement of the garnishee action, whenever he can be found within the state, or has appeared by attorney in the original action.

Beaupre and others vs. Brigham and another.

The learned counsel for the respondents contend that this objection to the validity of the judgment in the original action ought not to prevail, because they say that the record discloses that the original defendant, Keefe, was present on the trial of the garnishee action, and gave his evidence on that trial as a witness for the garnishees; and it is insisted that he should be held to have voluntarily appeared in the action against him, and so waived any irregularity in its entry. We are unable to see how his appearing as a witness for the garnishees in the garnishee action can operate as an appearance in the action against him. That action was not on trial at the time, and, if any valid judgment had been rendered therein, it had been so rendered a long time before the garnishee action was tried. Had he formally made himself a party to the garnishee action, still we think he could have objected to the recovery of the plaintiffs against the garnishees on the ground that no valid judgment had been obtained against him, as the statute makes that an absolute prerequisite to a recovery against the garnishees.

It seems to us clear that the judgment in this case was irregular and void, and that under the statute no judgment can be had against the garnishees until a valid judgment has first been obtained against Keefe in the action against him.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.