ANDREW P. ANDERSON

*v.*

HANS ANDERSON.

*Opinion filed October 23, 1907.*

1. PUBLICATION—*"residence," and not "whereabouts," must be unknown to affiant.* An affidavit for service by publication which states that the defendant formerly resided at a certain place but that he "has removed from said premises to parts unknown to the complainant, and although affiant has made diligent search and inquiry, etc., he is unable to ascertain his present whereabouts, and affiant does not know his whereabouts," is not sufficient, since the statute requires the affidavit to relate to defendant's residence, and not his whereabouts.

2. SAME—*notice must be mailed to last known residence of defendant.* The statute requires the clerk, within ten days of the first publication of notice, to mail a copy to the defendant to his last known residence as stated in the affidavit, and a notice mailed to some other address is not sufficient to confer jurisdiction.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

STEDMAN & SOELKE, for plaintiff in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a decree of the circuit court of Cook county setting aside a deed from the defendant to the complainant on the ground that it was obtained by duress. There was no personal service and no appearance by the defendant. The decree must be reversed because the court did not have jurisdiction of his person.

The affidavit for publication of notice was as follows: "Hans Anderson, being first duly sworn, on oath states that he is the complainant in the above cause; that the defendant formerly resided at the premises located at and known as 5559 State street, Chicago, Illinois; that he has removed

from said premises to parts unknown to the complainant, and, although affiant has made diligent search and inquiry among the neighbors and acquaintances of said defendant, he is unable to ascertain his present whereabouts and affiant does not know his whereabouts."

The statute authorizing publication of notice requires, as the basis of such publication, an affidavit showing that the defendant "resides or hath gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him, and stating the place of residence of such defendant if known, or that upon diligent inquiry his place of residence cannot be ascertained." (1 Starr & Cur. Stat. chap. 22, sec. 12, p. 568.) None of the requirements of the statute are met by the affidavit filed. It does not appear that upon due inquiry the defendant could not be found, or that his place of residence cannot be found upon diligent inquiry. It appears that the defendant removed from his former place of residence to parts unknown to the complainant, and that upon diligent inquiry among his neighbors and acquaintances complainant is unable to ascertain and does not know his present whereabouts. But though his whereabouts on May 8, 1902, when this affidavit was made, may have been unknown, it might be a matter of no difficulty to ascertain his residence. The affidavit is required as to his residence, and not as to his personal presence. Although he had moved to parts unknown to complainant and complainant was unable to ascertain his present whereabouts when he made the affidavit, it might well be, consistently with the truth of this affidavit, that the defendant could be readily found and served with process.

The statute required the clerk, within ten days of the first publication of notice, to mail a copy to the defendant at his last known residence, as stated in the affidavit. (4 Starr & Cur. Stat. 905.) The place stated in the affidavit was 5559 State street, Chicago, while the notice mailed by the

clerk was sent to 5857 State street. This was not sufficient to confer jurisdiction.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*