## RYAN v. SIMPSON et al.

Under Code Civ. Proc. § 112, providing that, in case of publication, the judge must direct a copy of the summons and complaint to be mailed directed to the person to be served at his place of residence, etc., any incorrect direction in mailing a copy of the summons renders the substituted service void, so that where the application for an order of publication stated that defendant's residence and post office address was "No 48 East 6th St.," while the order recited that it was "No. 43 East 6th St.," and directed a copy to be directed to appellant at that address, which was done, the discrepancy in the street numbers made the substituted service void.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Sanborn County; Hon. FRANK B. SMITH, Judge.

Action by William E. Ryan against Hugh P. Simpson and another. From an order denying a motion to vacate a judgment, Ira M. Shannon appeals. Reversed.

*Lauritz Miller, Charles F. Tym,* and *Thos. R. Kane,* for appellant. *L. L. Lawson* and *T. J. Spangler,* for respondent.

HANEY, J. On October 9, 1908, the circuit court rendered a default judgment in this action quieting title in the plaintiff to certain described land in Sanborn county, the summons having been served upon the defendant and appellant Ira M. Shannon by publication. On October 24, 1910, the appellant, appearing specially and for no other purpose, moved the court to vacate the judgment so far as he was affected thereby on the ground of want of jurisdiction. It is contended the court erred in denying this motion for the following reasons: "(1) The affidavit upon which the order for the publication of the summons was based was insufficient to authorize such order, in that it did not show that the plaintiff had used due diligence to find the appellant within the state of South Dakota. (2) Said affidavit was insufficient for the further reason that it did not show appellant's place of residence, nor did it show that such residence was not known, nor that it could not with reasonable diligence be ascertained by the plaintiff. (3) That no copy of the summons and the complaint were mailed to the appellant at his place of residence or at his post office address as alleged in the affidavit for publication."

Only the last reason will be considered. The statute provides: "In case of publication, the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence, unless it appear that such residence is neither known to the party making the application nor can with reasonable diligence be ascertained by him." Rev. Code Civ. Proc. § 112. The object of this requirement is to bring notice to the defendant that the action has been commenced against him so that he may, if he sees fit, appear and defend. Any wrong direction in this matter is a material defect in the proceedings prejudicial to the defendant, and renders the substituted service void. Beaupre v. Brigham, 79 Wis. 436, 48 N. W. 596. The application for the order in this case states positively that appellant's residence and post office address are at No. 48, East Sixth street, St. Paul, Minn., while the order recites that they are at No. 43, East Sixth street, St. Paul, Minn., and directs that a copy of the summons and complaint be deposited in the post office, directed to the appellant, at the last-named address, which direction was followed in mailing the copy of the summons and complaint. This wrong direction in the order cannot be regarded as a mere clerical error. Beaupre v. Brigham, supra. The street number is a material part of such an address. Anderson v. Anderson, 229 Ill. 538, 82 N. E. 311. As the record discloses that appellant resided at No. 48, there is no presumption that he would receive mail addressed to No. 43 on the same street. But, if such presumption might be indulged, the defect in this order would not be cured. Even personal service of the summons and complaint in another state does not cure defects in an order for publication. Beaupre v. Brighim, supra; Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231. The question is not whether the person to be served actually received notice of the action. It is whether the court had jurisdiction to make the order. Appellant's residence and post office address were known by the person applying for the order. They were stated in the affidavit on which the order was based, and the court was without authority to direct the sending of the summons and complaint to any other address. To hold otherwise would

be to defeat the manifest object of the statute. Such orders usually are prepared by the attorney for the plaintiff. A wrong direction as to the street number may easily be overlooked by the judge; and the person to be served will receive no notice of the pendency of the action. We are not intimating there was any such design in this case. The error may have been, doubtless was, purely accidental. Its consequences are not more serious to the plaintiff than to the appellant, if he was thereby deprived of an opportunity to defend in this action, as we should assume he was.

The order appealed from is reversed.