## MISSOURI, K. & T. RY. CO. v. HOUSLEY.

No. 3325.   Opinion Filed November 24, 1914.

(144 Pac. 610.)

**JUSTICES OF THE PEACE**—Garnishment Proceedings—Continuance—Failure to Grant—Abandonment. Under Gen. St. Kan. 1909, sec. 6418 (Laws 1879, c. 129, as amended by Laws 1901, c. 279), where a party files a bill of particulars before a justice of the peace against a nonresident defendant, the summons being returned "Not found," and causes a garnishment summons to be served upon a creditor of such nonresident defendant, the justice must continue the cause for not less than 30 nor more than 50 days, within which time publication service must be made upon defendant, as in attachment, and the failure so to do amounts to an abandonment of the suit, and the garnishment falls, and such garnishment proceeding cannot be pleaded in bar or abatement of a suit by such nonresident defendant against his creditor, the garnishee, in the state of Oklahoma.

(Syllabus by the Court.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action by George E. Housley against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*G. T. Ralls,* for defendant in error.

LOOFBOURROW, J.   The defendant in error, George E. Housley, obtained two judgments against the Missouri, Kansas & Texas Railway Company in the justice of the peace court at Coalgate, Okla.   From each of these judgments plaintiff in error appealed to the county court of Coal county, where, by stipulation, the two cases were consolidated and tried in the county court on June 3, 1911.   From a judgment in favor of Housley for $53.80, the railway company appeals.

The answer of the railway company admits that it owed Housley the amount claimed in each cause of action, but attempts to bar the plaintiff's right of recovery in the first case by setting up that one J. P. Sullivan, as assignee of a certain Coalgate Company, commenced a suit in a justice court in Kansas City, Kan., against one George Housley, on November 10, 1910, to recover the sum of $36.60 on account, and that on the same day garnishment summons was issued against the railway company as garnishee in said cause, requiring it to appear and answer on the 22d day of November, 1910, touching its indebtedness to said George Housley, which summons was duly served upon said railway company, and that the money sought to be reached by said garnishment proceedings is the sum of $13.65 now in its hands, earned by said Housley while in its employ during the month of November, 1910.  The railway company seeks to bar plaintiff's right to recover in the second case by alleging that on January 31, 1911, one J. P. Sullivan, as assignee of a certain Coalgate Company, commenced a suit in a justice court in Kansas City, Kan., against said George Housley, to recover the sum of $36.60 on account, and that on the same day garnishment summons was issued against this defendant as garnishee in said case, requiring it to appear and answer on the 14th day of February, 1911, touching its indebtedness to the said George Housley, which summons was duly served upon said railway company, and that the money

sought to be reached by said garnishment proceedings is the sum of $40.15 now in its hands, earned by said Housley. The railway company asks that the cases so consolidated be held in abeyance, and no further action taken therein, until final action has been taken in each of said garnishment proceedings in the state of Kansas.

Plaintiff in error offered in evidence an authenticated copy of the record and proceedings had before the justice of the peace in the state of Kansas. In the first case a summons was issued November 10, 1910, commanding George Housley to appear before said justice on the 22d day of November, 1910, etc.; in the second case a summons was issued January 31, 1911, commanding George Housley to appear before said justice on the 14th day of February, 1911, etc.; and in each case the constable made due return of the summons, reciting, "Could not find defendant in my county." The railway company offered in evidence the statutes of the state of Kansas. Gen. St. 1909, sec. 6415; Laws 1872, c. 163, sec. 1, as amended by Laws 1901, c. 280, sec. 1, contains the following proviso:

"* * * That no garnishee summons shall be issued in any case in which the defendant is a resident of the state of Kansas, unless the action be brought in the county in which the defendant at the time resides or wherein personal service of summons may be made upon him."

No summons was served upon Housley in either of the cases commenced in Kansas. A garnishee summons could not be issued, if Housley were a resident of the state of Kansas, unless he was also a resident of Wyandotte county, wherein the suits were filed. The return of the constable in this case shows that Housley could not be found in that county, and the evidence in the case at bar shows that Housley was and had been for twelve years a resident of the state of Oklahoma. Therefore the only service permissible would be constructive. Gen. St. 1909, sec. 6418 (Laws Kan. 1879, c. 129, sec. 1, as amended by Laws 1901, c. 279, sec. 1), was offered in evidence and is as follows:

"That when, under proceedings to which this act is supplemental, it shall appear to the justice, from the answers of the garnishee, that he has property, moneys, credits, chattels or ef-

fects in his hands or under his control belonging to the defend-
ant, or that the garnishee is anywise indebted to the defendant,
and that the summons issued in the action has not been and
cannot be served on the defendant in the county in the man-
ner prescribed by law, the justice shall continue the cause for
a period of not less than thirty days nor more than fifty days,
and thereupon service may be made by publication in the same
manner and with like effect as is prescribed by law in proceed-
ings in attachment before justices of the peace: Provided, how-
ever, that if the defendant be a resident of the state of Kansas,
no service by publication or otherwise shall be had upon him
except in the county in which he resides or wherein personal
service of summons may be made upon him."

Except the proviso, section 5396, Rev. Laws 1910, is the
same as the above statute. More than 50 days elapsed after the
officer made his return upon the summons showing that the de-
fendant was not found in Wyandotte county, and no attempt was
made to obtain service by publication upon the defendant, George
Housley. Thereafter, June 3, 1911, the case at bar was tried in
the county court of Coal county.

In the case of *Beaupre v. Keefe,* 79 Wis. 436, 48 N. W. 596,
the court said:

"The right of the court to proceed against a nonresident
defendant, in order to subject his property within this state to
the process and jurisdiction of the courts of this state, with-
out obtaining personal service upon him within this state, is
regulated solely by the statute; and this court, as well as all
the other courts, hold that the statute must be strictly com-
plied with in order to give any validity to a judgment ren-
dered on such proceedings," citing *Anderson v. Coburn,* 27 Wis.
558; *Witt v. Meyer,* 69 Wis. 595, 35 N. W. 25, and numerous
other authorities.

See, also, *M., K. & T. Ry. Co. v. Houseley,* 37 Okla. 326, 132
Pac. 330.

In Rood on Garnishment, sec. 224, it is stated:

"If, for any reason, the court fails to get jurisdiction of
the principal suit, the garnishment must inevitably fall with it.
This principle is universal. It is all the same whether the
lapsing came from failure to get personal service of the sum-
mons in the principal suit, upon the defendant therein, in the
time and manner prescribed by law, or from failure to com-

ply with the statute directing the mode of obtaining substituted service thereof, by publication or otherwise"—citing numerous authorities.

The same author (section 365):

"It is held that the statutes contemplate speedy proceedings, that the plaintiff cannot tie up the property in the hands of the garnishee indefinitely, and, if he does not move in the case within the time required by law, the garnishees may object to any further proceedings against him, unless there had been an order continuing the case, or the garnishee has waived the delay, or may have the case dismissed for want of prosecution."

In *Jones v. Warnick,* 49 Kan. 63, 30 Pac. 115, it was held:

"In an action against nonresidents, in which an order of attachment is issued at the time of the filing of the petition, and their real estate is attached, an affidavit for service by publication must be filed, and the first publication made within 60 days from the date of the filing of the petition and other necessary papers. If affidavit for constructive service and the first publication thereof is not made for more than thirteen months after the filing of the petition, and the issue, levy, and return of the order of attachment, an action has not been commenced, and an order of attachment cannot be issued and served."

In *Kincaid & Bro. v. Frog,* 49 Kan. 766, 31 Pac. 704, held:

"When an action is commenced by filing a petition and an affidavit for attachment, and a summons is issued, and an order of attachment is obtained and levied upon land, but no service of the summons is had within 60 days from the filing of the petition, the attachment falls, and the land so attached may be conveyed free from any lien on account of such attachment."

Since the plaintiff in the Kansas garnishment cases failed to proceed in accordance with the directions of the statute to obtain service by publication upon said George Housley, the cause of action against said Housley should be deemed to have been abandoned, and the same neither bars nor abates the cause of action of Housley against the railway company.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, C. J., absent and not participating.