JOSEPH KUZAK *et al.* Defendants in Error, *vs.* ANDREW
P. ANDERSON, Plaintiff in Error.

*Opinion filed April 22, 1915.*

1. JUDGMENTS AND DECREES—*purchaser relying on decree will
be protected even though it is afterwards reversed.* Where a de-
cree affecting the title to land has been rendered by a court of
equity, a purchaser who buys in good faith and in reliance upon
the decree before a writ of error is sued out or other action taken
to avoid it will be protected, notwithstanding the decree is subse-
quently reversed.

2. SAME—*suing out of writ of error not made a supersedeas is
not notice.* The suing out of a writ of error is not notice to an
innocent purchaser until after the reversal of the decree and re-
mandment of the cause where the writ of error was not made a
*supersedeas.*

3. SAME—*on collateral attack all presumptions are in favor of
the decree.* A proceeding to register title is collateral to a former
proceeding by the applicant in the circuit court to set aside a deed,
and in such collateral proceeding every presumption will be in-
dulged in favor of the decree setting aside the deed.

4. SAME—*erroneous decree not void if court had jurisdiction
of subject matter.* If a bill states a case belonging to a general
class which is within the jurisdiction of a court of equity juris-
diction of the subject matter attaches, and no error committed by
the court will render the decree void, but the decree, however er-
roneous, is binding upon the parties until reversed or annulled and
is not open to collateral attack.

5. SAME—*finding that parties have been duly notified cannot
be contradicted except by the record.* Where a decree attacked
in a collateral proceeding finds that the parties have been duly
notified, such finding, like any other judicial determination, can
not be contradicted or varied beyond or outside the record itself.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. CHARLES M. WALKER, Judge, presiding.

STEDMAN & SOELKE, for plaintiff in error.

MICHAEL C. ZACHARIAS, (BEACH & BEACH, of coun-
sel,) for defendant in error Joseph Kuzak.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error sued out to reverse a decree of the circuit court of Cook county entered March 18, 1913, in a land registration proceeding.

August 20, 1894, for valuable consideration, Hans C. Anderson, a widower, (now deceased,) executed and delivered a warranty deed conveying to his nephew, Andrew P. Anderson, a certain lot (describing it) in Cook county, together with the improvements thereon. On May 9, 1902, Hans C. Anderson filed a bill in said circuit court alleging that said deed had been procured from him by fraud and coercion and praying that it be set aside and declared null and void. In that suit he filed an affidavit of non-residence as to said Andrew P. Anderson, on which service was obtained against said Andrew P. Anderson by publication. January 6, 1903, an order of default was entered and the bill taken as confessed, and a final decree was entered setting aside said deed. Afterward, on November 14, 1904, Hans C. Anderson filed an application to register his title to said lot under the Torrens law. In December following an amended application was filed in which Andrew P. Anderson was made a party, and upon a statement in the application that the latter's present address and whereabouts were unknown and upon diligent search and inquiry could not be ascertained, notice was had by publication commenced December 31, 1904, and continuing to January 31, 1905. A default was then entered against Andrew P. Anderson and a decree entered in said land registration hearing February 1, 1905, confirming the title in said Hans C. Anderson and directing that said title be registered in him. February 7, 1905, said Hans C. Anderson conveyed said lot by warranty deed to Joseph Kuzak, one of the defendants in error herein, said deed being recorded February 8, 1905, in the office of the registrar of titles but never filed for record in the recorder's office. On August 28, 1906, Andrew P. Anderson filed his appearance and answer in

this registration proceeding, alleging that during the pendency of the original application to register, and at the time the decree was entered, he had no notice or knowledge of such application and did not acquire such knowledge until July 1, 1906. He was thereupon permitted to contest the merits of the original application. In 1907 Andrew P. Anderson sued out a writ of error to this court in the suit of said Hans C. Anderson against him to set aside the conveyance heretofore mentioned, and this court reversed the decree of the lower court, holding that the affidavit upon which the service of publication was based was not in accordance with the statute. (*Anderson* v. *Anderson,* 229 Ill. 538.) The cause was re-docketed, and on a hearing November 30, 1907, the bill was dismissed for want of equity.

Joseph Kuzak filed an answer in this registration matter and a hearing was had as to the ownership of said lot. The decree sought here to be reversed is the one entered in the land registration proceeding. It found Joseph Kuzak to be an innocent purchaser from Hans C. Anderson, without notice, actual or constructive, of any defects or irregularities in the circuit court case to set aside the deed. This decree stated, among other things, that on January 6, 1903, an order of default was entered in said circuit court which recited the filing of "due proof of notice to said defendant Andrew P. Anderson of the pendency of this suit, by publication, according to the statute in such case made and provided," and thereupon it was ordered that the bill of complaint be taken as confessed, and that the decree in said circuit court cause recited that the cause came on for hearing on the bill "taken as confessed by the defendant, Andrew P. Anderson," and further recited "that all parties are properly before the court and that the court has jurisdiction of the subject matter and of the parties hereto." This decree further found that the suing out of the writ of error to the Supreme Court in said circuit court case did

not constitute notice of error binding upon Joseph Kuzak; that as no *supersedeas* had issued from said Supreme Court on said writ of error said writ of error was not *lis pendens,* and that the title said Joseph Kuzak acquired relying upon the decree of the court in said circuit court case was not affected or impaired by the subsequent reversal of the decree under the writ of error by the Supreme Court. The decree herein further found that the equities of the case were with said Joseph Kuzak and against Andrew P. Anderson, and that the decree in said registration matter be not re-opened or changed but that the same stand as confirmed against Andrew P. Anderson and in favor of Joseph Kuzak. The evidence in this record bears out these findings in the decree.

The rule of law in this State is, that where a decree affecting the title to property has been rendered by a court of equity, the rights of a purchaser who buys in good faith, relying upon the decree, before a writ of error is sued out or other action taken to avoid it, will be protected, notwithstanding the decree is afterward reversed. (*Hopkins v. Patton,* 257 Ill. 346; *Hammond v. People,* 178 id. 503; *Lambert v. Livingston,* 131 id. 161.) The decree in the circuit court case of *Anderson v. Anderson, supra,* was reversed by this court October 23, 1907. The deed conveying this lot to Joseph Kuzak was executed and delivered February 7, 1905, and recorded with the registrar of land titles the next day. No *supersedeas* was issued in the case of *Anderson v. Anderson, supra,* so that under the authorities the suing out of the writ of error was not notice to an innocent purchaser until after the reversal and remanding of the cause. *Chicago and Northwestern Railway Co. v. Garrett,* 239 Ill. 297, and cases cited.

This proceeding to register the title is collateral to the proceeding in the circuit court to set aside said deed. In all collateral proceedings every presumption is to be indulged in favor of the decrees of courts of general juris-

diction. An erroneous judgment is not void if the court had jurisdiction of the subject matter. Such jurisdiction is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void, and the judgment, however erroneous, is not void but is binding upon the parties until reversed or annulled and is not open to collateral attack. (*Miller* v. *Rowan*, 251 Ill. 344, and cases cited.) The defendant in *Anderson* v. *Anderson*, *supra*, was brought into court by a publication notice. Where a decree attacked in a collateral proceeding finds that the parties have been duly notified, such finding, like any other judicial determination, cannot be contradicted or varied beyond or outside of the record itself. Where a notice is given by publication, a publisher's certificate contrary to a finding that due notice has been given will not, in a collateral proceeding, defeat such finding, as the court may have based its decree on other evidence as to notice. (*Spring Creek Drainage District* v. *Commissioners of Highways*, 238 Ill. 521.) "A party who has purchased land under the judgment of a court of competent jurisdiction, *bona fide* and with no notice of any such defects as the absence of a summons or notice, should not be put in jeopardy of his title or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree or judgment of the court recites the fact that process was duly served or the required notice duly given." (*Bowen* v. *Bond*, 80 Ill. 351.) In case of service of summons which is insufficient to confer jurisdiction, parol evidence cannot be heard to prove or aid the service. Where, however, the service is by publication, parol evidence may be received to prove that the notice was published. Where the decree attacked in a collateral proceeding finds that the defendant has been duly notified of the pendency of the suit by publication, proof is

inadmissible to show that the notice contained in the record was the only publication ever made and was the one upon which the court must have acted. (*Reedy* v. *Camfield,* 159 Ill. 254; *Figge* v. *Rowlen,* 185 id. 234; *Stack* v. *People,* 217 id. 220; *Pine Tree Lumber Co.* v. *Stock Exchange,* 238 id. 449.) The circuit court in *Anderson* v. *Anderson, supra,* having jurisdiction of the subject matter, and the irregularity in the proceeding being based upon an affidavit of publication, under the authorities cited that de-' cree cannot be attacked in this collateral proceeding so far as it affects Joseph Kuzak, he having purchased the lot in good faith, without actual or constructive notice of such defect, before the suing out of the writ of error or the reversal of said cause by this court.

The decree of the circuit court in this proceeding must therefore be affirmed.                          *Decree affirmed.*