SCHRADER, Plaintiff, vs. GUNDECK, Appellant: MARYLAND CASUALTY COMPANY, Assignee, Respondent.

*April 8—May 4, 1920.*

*Garnishment: Defense of garnishment action by principal defendant: Defenses available: Validity of judgment in principal action.*

1. Under sec. 2765, Stats. 1919, authorizing the defendant to defend proceedings against a garnishee on the ground that the indebtedness is exempt, or for any other reason is not liable to garnishment, or upon any ground upon which a garnishee might defend the same, the defendant cannot interpose any defense which the garnishee could not interpose.
2. The defendant, like the garnishee, may defend against the garnishment in aid of execution on the ground that the court

had no jurisdiction to render judgment in the principal action; but if such judgment was rendered by a court having competent jurisdiction so as to be a protection to the garnishee, mere irregularities are not available, nor can the issues in the principal action be relitigated.

APPEAL from an order of the circuit court for Green Lake county: MARTIN L. LUECK, Judge. *Affirmed.*

Garnishment.    July 22, 1915, plaintiff began suit against C. E. Smith, the Kingston Dairy & Farming Company, and *John Gundeck.*    At the same time a writ of attachment was issued by virtue of which certain property belonging to defendants or some of them was seized by the sheriff of Green Lake county, and on the same day the *Maryland Casualty Company* executed on behalf of all the defendants a statutory undertaking for a release of the property attached. Each of the defendants appeared by the same attorneys, and each separately answered the complaint.    The case was noticed for trial at the January, 1916, term of the circuit court for Green Lake county.    The case was reached in its regular order and judgment was entered by default against all of the defendants, the *Maryland Casualty Company* being bound on account of its undertaking for a release of the attached property.    The attorneys for the defendants procured an order returnable on February 3, 1916, requiring plaintiff to show cause why the judgment should not be opened up and set aside and the defendants allowed to interpose their defense.    Upon the hearing the defendants' motion was denied.    From this order an appeal was taken, but never prosecuted.    The plaintiff then caused an execution to be issued against the defendants, which was returned unsatisfied, and thereafter, under an *alias* execution, the sheriff demanded of the *Maryland Casualty Company* that it pay the judgment.    The judgment, with interest and sheriff's fees, was paid, amounting to $1,423.47.    Thereafter the defendant *John Gundeck* separately moved that the judgment be set aside, which motion was also denied.

Subsequently a receiver was appointed upon proceedings properly had, for the purpose of having applied to the satisfaction of the judgment certain property claimed to belong to the defendant *Gundeck*. Thereafter garnishment proceedings in aid of execution were begun against the Kingston Creamery Company. In the garnishment proceedings the defendant *Gundeck* appeared and answered, alleging that the funds in the hands of the Kingston Creamery Company were exempt, and also answered by way of counterclaim, in which the facts hereinbefore referred to regarding the progress of the litigation are set out in considerable detail. It is further alleged that the defendant C. E. Smith is the son-in-law of the defendant *Gundeck;* that *Gundeck* and his wife are inexperienced in business matters; that Smith was in fact a professional crook, who had served a term in the Wisconsin state prison, of which the defendant *Gundeck* had no knowledge until after the suicide of C. E. Smith; and alleged further that said judgment is wholly without merit and unjust as against the defendant *Gundeck,* that it would never have been rendered against the defendant if his interests had been properly defended and protected by his attorneys, and prayed judgment against the *Maryland Casualty Company* permanently restraining it from further attempting to collect the said judgment or from assigning or transferring the judgment, and for other relief. To this counterclaim the *Maryland Casualty Company* demurred, the proceedings to enforce the judgment being carried on by the *Maryland Casualty Company* in the name of the plaintiff. From an order sustaining the demurrer the defendant *Gundeck* appeals.

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

For the respondent the cause was submitted on the brief of *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee.

ROSENBERRY, J.   The trial court sustained the demurrer to the counterclaim upon the ground that the matters therein set out are not pleadable as a counterclaim.   Sec. 2765, Stats., provides:

"The defendant may, in all cases, by answer duly verified, to be served within twenty days from the service of the garnishee summons on him, defend the proceedings against any garnishee upon the ground that the indebtedness of the garnishee or any property held by him is exempt from execution against such defendant or for any other reason is not liable to garnishment; or upon any ground upon which a garnishee might defend the same."

The question arises, Can a garnishee defend upon the ground that the judgment in the main action is unjust or inequitable as to the principal defendant?   Unless a garnishee may make such a defense the defendant may not do so, because by the wording of the statute he is precluded therefrom.   The statute specifies the grounds upon which the defendant may defend the garnishment proceedings.   He may defend only upon the specified grounds, other defenses, if such there be, being under familiar rules excluded.   While it is true that the relief prayed for is a judgment *in personam,* the basis of the judgment so prayed for, if rendered, would be the invalidity of the judgment in the main action, assuming that the counterclaim states a cause of action for equitable relief, and waiving the question of whether or not the matters set out in the counterclaim are *res adjudicata* (*Ketchum v. Breed,* 54 Wis. 131, 11 N. W. 238), we are of the opinion that they cannot be pleaded as a defense in the garnishment proceedings.   For the reason that a garnishee will not be protected in the payment of a judgment which is void for want of jurisdiction, he may inquire into the regularity of the proceedings in the principal action, and set up as a defense that the judgment in the main action is void for want of jurisdiction, but where the court has obtained jurisdiction mere irregularities are not available.

Judgment in the garnishment proceedings presupposes a valid judgment against the defendant in the main action. *Beaupre v. Brigham,* 79 Wis. 436, 48 N. W. 596; *Frisk v. Reigelman,* 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766; 20 Cyc. 1074.

The matters set out in the counterclaim show that the court had jurisdiction to render the judgment in the main action, and furthermore that the same facts were presented to and passed upon by the court, and the defendant, as well as the garnishee, is in no position to relitigate in a garnishee action the matters set out in the counterclaim. The trial court was right in holding that the facts so alleged were not pleadable in the garnishment proceedings.

If the matters alleged in the counterclaim are true, and the defendant *Gundeck* is compelled to pay the judgment, it may be that an injustice will be done him. It has been suggested that the cause should be remanded in some manner that would permit a trial upon the merits, but in the present situation of the case that is impossible. The issue presented is not triable in any court in a garnishment proceeding.

*By the Court.*—Order affirmed.