*Grounds of divorce.— Appearance in an action a waiver of service. — Presumption as to genuineness of signature.*

1. The complaint alleges that defendant, though abundantly able to work and earn a good livelihood for himself and plaintiff (his wife), has utterly failed and refused to do so; that he has not purchased any clothing for her for several years, nor contributed any thing toward her support, but has compelled her to go out to work by the day and week among strangers, and then taken her wages and spent them for his own dissipation; that, during two years before the action, he has never furnished her with any house nor boarded her, but has compelled her to work out as a servant; that he has frequently left her for several months without her knowing where he was, and then she would learn by his writing to some neighbor or to her employer; and that he is wholly indifferent to her happiness, to her wishes, and to her appearance. *Held*, a sufficient ground of divorce, under section 11 and subdivision 3, section 10, chapter 111, R. S.

2. A stipulation by defendant as to the time and place of trial is a waiver of all defects in the process, and of process itself, if none has issued. *Weatherbee v. Weatherbee* (20 Wis. 499), distinguished.

3. If the stipulation filed, purporting to be signed by defendant, was not so signed, or was entered into through mistake, or obtained through fraud or imposition, his remedy is by motion in the court below, upon affidavits showing the facts.

4. But, where no such facts are asserted by defendant or his counsel, the judgment of divorce will not be reversed because there was no affidavit showing the genuineness of defendant's signature.

APPEAL from the Circuit Court for *Portage* County.

Action by the plaintiff to obtain a divorce from her husband. The complaint, after alleging the marriage of the parties, in the state of Michigan, in 1859, their removal to this state in 1866, and plaintiff's continued residence here since that time, and that no children have been born to them, states the following as grounds for a divorce: "That defendant is a person of very indolent and shiftless habits, and utterly averse to doing any labor or following any business whatever to earn a

livelihood; that, when married, they held and owned together over one thousand dollars' worth of property, all of which defendant has squandered by improvidence and idle and shiftless habits; that defendant, though abundantly able to work, and capable of earning a good livelihood for himself and plaintiff, has utterly failed and refused so to do, or to make suitable provision for the support and maintenance of plaintiff; that he has not purchased any clothing for her for several years, nor contributed any thing toward her support, but has compelled her to go out to work by the day and week among strangers, and has then taken her wages and spent them for his own dissipation; that, since they have lived in Wisconsin, he has never furnished her with any house, nor has he boarded her, but has compelled her to work out as a servant among families, she doing all kinds of hard work; that he has frequently left her and been gone several months without her knowing where he was, and then she would learn by his writing to some neighbor or her employer; that he is wholly indifferent to her happiness, and has no regard for her wishes or her appearance; that he is able to support her comfortably if he would, but wholly refuses to furnish her either clothing or board, and compels her to support herself."

The defendant being a non-resident of the state, an order of publication was obtained; but, on trial of the cause, no proof of publication, or service of any kind, was produced, other than a stipulation, signed by both the plaintiff and defendant, stipulating that the cause be tried and determined in the circuit court for Portage county, at the next term thereof; and acknowledging, on the part of the defendant, notice of the pendency of said action and the objects thereof, and waiving any further notice of trial. No other appearance, by answer or otherwise, was made by the defendant. Judgment for the plaintiff; and defendant appealed.

*M. H. Sessions*, for appellant, contended that there was nothing upon the record to show that the defendant was ever served with process, and hence the judgment was void for want of jurisdiction in the court over his person. *Sayles v. Davis*, 20 Wis. 302; *Litchfield v. Burwell*, 5 How. Pr. 341; *Ripley v. Burgess*, 2 Hill, 360; *Weatherbee v. Weatherbee*, 20 Wis. 499; *Shetzler v. Shetzler*, 2 Edw. Ch. 584; *Williamson v. Williamson*, 1 Johns. Ch. 489; *Van Veghten v. Van Veghten*, 4 id. 501; R. S. ch. 124, §§ 13, 14. 2. Counsel also contended that the complaint did not show any ground for a divorce.

*G. L. Park* (with *S. U. Pinney*, of counsel), for respondent, insisted that the stipulation was an unconditional appearance in the action, and, hence, a waiver of all objections as to want of service, and sufficient to authorize a judgment. *Upper Miss. Trans. Co. v. Whittaker*, 16 Wis. 220.

DIXON, C. J. There can be little doubt about the sufficiency of the complaint. The counsel for the defendant does not seriously contest it. It states a cause on the part of the wife for a divorce from the bond of matrimony, under the provisions of subd. 3, § 10 and § 11, ch. 111, R. S.; and, as no bill of exceptions was taken, the proofs are not before us.

The other question is as to the jurisdiction of the court over the person of the defendant. Did the court acquire such jurisdiction? We are of opinion that it did, on the ground that the stipulation signed by the defendant was an appearance in the action.

An objection taken to the stipulation is, that no affidavit was made verifying the genuineness of the defendant's signature. But as the defendant does not, through his counsel or otherwise, assume to deny the signature, we think it must now be taken to have been genuine. The want of such denial is an admission of its genuine-

ness   If the defendant did not sign the stipulation, or if it was obtained by fraud or imposition, or entered into through mistake, those were matters properly to be corrected in the court below, on motion supported by affidavits showing the facts. *Ripley v. Burgess*, 2 Hill, 360.

It being conceded, therefore, that the defendant signed the stipulation, the question is as to its effect.   And it is a very different question from that presented in *Weatherbee v. Weatherbee*, 20 Wis. 499, and *Litchfield v. Burwell*, 5 How. Pr. 341.   In *Weatherbee v. Weatherbee* no order of publication was made, while here there was, which would clearly distinguish the cases, provided the writing here signed by the defendant was no more than an admission of the service of a copy of the summons and complaint upon him out of the state, and a waiver of all other service.   But the writing was something more.   Besides being an acknowledgment of notice of the pendency of the action and of the objects thereof, it was a stipulation to try the cause at the next term of the court, and a waiver of any further notice of trial. This was an appearance in the action, within all the decisions upon the subject.   It was a submission by the defendant to the jurisdiction of the court — an acknowledgment by him that the court had power to try and determine the action, and to render judgment in it. And the case of *Weatherbee v. Weatherbee*, although holding that the admission alone, by a party out of the state, of the service of process upon him there, and the waiver of all other service, does not give the court jurisdiction, by no means decides that a party so situated may not in some proper method enter his appearance in the action ; but rather the contrary.   It was said in the opinion that Mrs. Weatherbee could not waive the order of publication required by the statute, *in any other way than by entering her appearance, or causing it to be entered by her attorney in the action*.   And the reason

of the distinction is very obvious.  The admission by the defendant of the service of process is but evidence of such service.  It is evidence of the same force, and no greater, than if proof of service were made in some other manner.  In either case, the court acquires jurisdiction, if at all, through the service of the process; and in both alike, the service is void, if it appears that it was made out of the state without an order of publication.  And the waiver by the party of any other service made out of the state does not cure the defect.  But an appearance in an action is a very different matter.  An appearance may be made without the issuing or service of any process whatsoever, whether by publication or otherwise.  It may be made as well by a party residing without the state as one within it.  An appearance is a waiver of all previous defects in the service of process, and of the process itself, if none has been issued. *Upper Miss. Trans. Co. v. Whittaker*, 16 Wis. 220.

The defendant having, therefore, made a valid appearance in the action, it follows that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.