Witt vs. Meyer.

Witt, Respondent, vs. Meyer, Appellant.

*October 14 — November 1, 1887.*

*Practice, filing complaint before order for publication of summons.*

Under sec. 2640, R. S., an order for the publication of a summons must be based upon a complaint duly verified and *filed.* For the plaintiff's attorney, in an action against a non-resident of the state for an assault and battery, to procure the complaint, affidavit and order of publication to be marked by the clerk of the court as "filed" of a certain date, and not leave them at the office of such clerk, but keep them himself, is not such a filing as the statute requires.

APPEAL from the County Court of *Fond du Lac* County. The following statement of the case was prepared by Mr. Justice TAYLOR as part of the opinion:

This is an action to recover damages for a personal assault by the appellant upon the plaintiff and respondent. The action was commenced against the defendant, who is not a resident of this state, but is a resident of the state of Illinois. After issuing the summons the respondent made an affidavit showing that he had a cause of action for damages, for an assault and battery committed. upon him by the defendant; that the cause of action arose within this state; and that the defendant was a resident of the city of Chicago. Upon this affidavit an order to serve the summons by publication was made, and publication was made. The order for publication was made on the 14th day of May, 1886.

Upon the 3d day of September, 1886, W. D. Conklin, as attorney for the defendant, appeared specially for the purpose of making a motion to dismiss the action, and vacate all proceedings therein "for want of service of summons, and jurisdiction thereof by the court." This motion was made upon all the proceedings in the case, and upon the affidavit of W. D. Conklin, showing that the complaint in the action had not been, and was not, filed with the clerk of the court on the day the order of publication was made, nor at any other time up to the time of making such motion. At the time the motion was to be heard, the counsel for the plaintiff stated in open court that the complaint, affidavit, and order of publication were filed, but still remained in the hands of the plaintiff's attorneys in their office.

Thereupon, by leave of the court, the clerk of the court made the following certificate:

"I, J. W. Watson, clerk of the court in and for said county, hereby certify that no summons, complaint, affidavit, or order of publication, nor other paper or entry whatever, has remained on file or of record in my office, since the 14th day of May, 1886, and that no state tax has been paid in the above-entitled action of *Carl Witt* against *Herman P. Meyer*, nor at any time. If my signature and filing upon any paper or pleading in said cause has at any time been procured, such paper or pleading was not, and has not been, left with me, nor been or remained on file in my office, at any time up to and including the opening and adjournment of the session of the said county court on this forenoon.

"Witness my hand and seal of said court, this 13th day of September, 1886.

"J. W. WATSON, Clerk as above stated."

The motion was then held open until 2 o'clock P. M. of the same day, when the counsel for the plaintiff produced what

purported to be the complaint, affidavit, and order of publication, which severally appeared to have the following indorsed thereon: "County Court, Fond du Lac County, Wis. Filed May 14, 1886. J. W. Watson, Clerk." And thereupon the court denied the motion of the appellant, without costs, and with leave to the defendant to answer herein, within twenty days from and after service of the order. From this order the defendant appealed to this court.

*W. D. Conklin*, for the appellant, contended that circuit court Rule I. makes a distinction between indorsing and filing papers. Not only should the complaint be indorsed as filed before an order is granted for publication of summons, but it should be left on file in the clerk's office, to enable the defendant to ascertain the nature of the plaintiff's claim; and the affidavit for and order of publication should also be left on file, so that he may see whether any statutory cause for substituted service is stated. *Anderson v. Coburn*, 27 Wis. 558, 563; *Cummings v. Tabor*, 61 id. 185, 190; *Manning v. Heady*, 64 id. 630.

For the respondent there was a brief by *Gerpheide & McKenna*, and oral argument by *Mr. McKenna*. They took the ground that the record shows that the respondent has complied with the statute in everything necessary to give the court jurisdiction. Our statute (sec. 2641, R. S.) makes the order of publication itself presumptive proof of the facts necessary to authorize it to issue. *Manning v. Heady*, 64 Wis. 630; *Storm v. Adams*, 56 id. 137.

Taylor, J. We think the publication of the summons and the other proceedings in the court should have been set aside, on the ground that it conclusively appeared that the complaint had not been filed as required by the provisions of sec. 2640, R. S. The affidavit of Mr. Conklin and the certificate of the clerk clearly show that the complaint

had not been "filed" within the meaning of the statute. It has been said that the object of the statute in requiring the complaint to be filed is that the defendant may, if he sees fit, examine it at the office, to determine whether he will appear and answer in the case. But, whether this or some other purpose was the reason which induced the legislature to require it to be filed, it is very clear from all the decisions upon the subject that, the manner of service being a purely statutory one, all the requirements of the statute must be followed, or the service is void, and the court acquires no jurisdiction to try the case. *Anderson v. Coburn*, 27 Wis. 558; *Cummings v. Tabor*, 61 Wis. 185, 191; *Manning v. Heady*, 64 Wis. 630.

If an attorney may procure an indorsement of the filing of his complaint by the clerk, and then put the same in his pocket until he enters judgment, the statute might as well be repealed so far as it is intended to furnish any information to the defendant in the action. We do not hold that a temporary removal of the complaint from the files of the court would vitiate the service, but we hold that it must be in fact filed in the office of the clerk, and remain there, subject, perhaps, to a temporary removal for a lawful purpose. The evidence in this case clearly shows that it never was in the hands of the clerk as a paper filed in his office, nor does it appear that any entry of the action was made in the docket of the clerk. We cannot approve of the practice pursued in this case.

There is another objection to this proceeding, to which we call the attention of the attorneys of the plaintiff for their consideration: The affidavit sets up a cause of action in tort, arising in this state, and alleges the non residence of the defendant, and perhaps comes within the letter of the statute. Subd. 1, sec. 2639, R. S. We have however very grave doubts whether a judgment rendered against the defendant in such an action would bind his person or

property.   If it would not, it would be improper to permit the party to take judgment therein.   If there had been an allegation in the affidavit that the defendant had property in this state, describing the same, it may be that the action might proceed to judgment without first attaching such property, and that such property might be liable to seizure and sale upon an execution issued on such judgment.  That this might be lawfully done was strongly intimated in the case of *Jarvis v. Barrett*, 14 Wis. 591, 595; see, also, *Winner v. Fitzgerald*, 19 Wis. 393; *Jones v. Spencer*, 15 Wis. 583; *Rape v. Heaton*, 9 Wis. 328.  We think the same cases as strongly intimate that when the affidavit does not disclose that the defendant has property within the state, the court cannot obtain jurisdiction of the defendant so as to make the judgment of any effect against him.   Upon this question, see, also, the case of *Smith v. Grady*, 68 Wis. 215.

*By the Court.*— The order of the county court is reversed, and the cause is remanded with directions to that court to enter an order setting aside all the proceedings in the action except the issuing of the summons.