SCHWANTZ and others, Plaintiffs, vs. MORRIS and others, Defendants. [Two appeals.]

*October 9—November 5, 1935.*

For the plaintiffs there was a brief by *Otto L. Olen* of Clintonville, attorney, and *Eberlein & Larson* of Shawano of counsel, and oral argument by *M. G. Eberlein.*

For the defendants there was a brief by *Velte & Molzow* of Neenah, and oral argument by *Chas. H. Velte.*

FOWLER, J.   As appears more particularly from the preceding statement of facts, five of the defendants, four heirs of William Schwantz, Sr., and Anna Schwantz, the widow and sole heir of William Schwantz, Jr., a deceased heir of William Schwantz, Sr., all joined in a motion to "vacate" a judgment entered four years prior upon their default of answer or appearance and satisfied of record by payment, and "to dismiss the action" on the ground of want of service of the summons and complaint on Anna Schwantz and on two of the heirs of William Schwantz. They prefaced their written notice of motion by a recital that they appeared specially for the sole purpose of their motion.   Upon hearing of this motion, the court vacated the judgment as to Anna Schwantz; required Margaret Cady to show cause why she should not be bound by the judgment; and permitted the filing of an amended return of service upon Alvina Young and confirmed the judgment as to her unless she should answer within twenty days.   From the latter portion of the order, the defendant heirs and Anna Schwantz appeal. The plaintiffs appeal from the other portion.

The plaintiff appellants contend: (1) That the appealing defendants made a general appearance in the action by joining in the motion to vacate the judgment and dismiss the action.   (2) That they made a general appearance by joining in the appeal from the portion of the order to which they object; and that by reason of their general appearance they acknowledged the jurisdiction of the court over them and are bound by its judgment.   These contentions of the appellants will be first disposed of.

(1) Point (1) above is ruled by *Coad v. Coad,* 41 Wis. 23.   It was there held that a motion by the defendant, based

upon the whole record in the case to "set aside the findings of fact, conclusions of law and the judgment," is a general appearance and waives all defects in the service of process, notwithstanding an attempt to limit the appearance for the purpose of the motion only. The motion in the instant case was based upon the summons and returns and admission of service thereon, upon the complaint and upon all the papers and records on file in the proceedings herein, and upon affidavits. The exact similarity of the two cases is shown by the following:

| *Coad Case:* | *Instant Case:* |
| --- | --- |
| Basis of motion: | Basis of motion: |
| Pleadings, papers on file, and records. | "The summons, returns and admission of service thereon, upon the complaint and upon all the papers and records on file and the proceedings herein" and upon affidavits. |
| Form of motion: | Form of motion: |
| To vacate findings of fact, conclusions of law, and judgment. | For an order "setting aside the service of summons herein vacating the findings of fact, conclusions of law and the judgment and dismissing the action." |
| Form of special appearance: | Form of special appearance: |
| "For the purposes of said motion only." | "For the purpose of this motion only and for no other purpose." |

Thus the motion herein was based in part upon the "whole record" as was the motion in the *Coad Case, supra,* and the relief asked by the motion and the attempt at special appearance are in precisely the same language as in the motion in that case. It is true that in the *Coad Case* grounds of relief other than insufficiency of service were urged on the hearing of the motion, and here they were not. But other grounds than want of service might have been here urged, as the motion was grounded on the "whole record" in addition to the

moving affidavits. In the opinion in the *Coad Case,* it is stated, page 26:

"In moving to set aside the findings of fact and the conclusions of law [as was done herein], the defendant obviously assumes that the court has jurisdiction to correct errors and irregularities in the rendition of the judgment. This is plain. Having submitted to the jurisdiction to obtain that relief, it amounted to a waiver of all defects in the service of process."

So here. It has many times been held by this court that when a party moves to set aside a judgment for want of service upon him, and couples with his claim for relief upon that ground a claim for relief upon other grounds, he makes a general appearance. *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 257 N. W. 595, and cases cited. The basis of the rule is that asking for relief on the additional ground is inconsistent with want of jurisdiction, and is "a submission . . . to the jurisdiction of the court, because the relief granted [asked for] would be inconsistent with any other reasonable hypothesis," and is a "waiver of jurisdictional defect." *Alderson v. White,* 32 Wis. 308, 312. Such inconsistency exists in the instant case. It is inconsistent with want of jurisdiction for one to ask the court to grant relief to others than himself. It is because of such inconsistency that the statement of the rule made in *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 67 N. W. 38, is justified:

"The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose *and keep out of court for all others.*"

Each of the movants claiming want of service upon herself invoked the jurisdiction of the court to do more than

grant relief from the judgment as to herself. Each might properly ask for relief to herself only, but when each united with the other two, and with the two defendants admittedly properly served, to grant relief from the judgment to the others, each asked the court to grant relief for which she could not ask except on the theory and basis that the court had jurisdiction of her person. In so doing each acknowledged that the court had jurisdiction over her person, and is estopped from asserting the contrary.

(2) The case of *Dikeman v. Struck*, 76 Wis. 332, 45 N. W. 118, rules point (2) above in favor of the plaintiffs. In that case attorneys of Struck gave notice to plaintiff's attorneys that they appeared especially for Struck for the sole purpose of taking an appeal from the judgment rendered in the action, which went against him and other defendants, and their notice of appeal recited that they appealed "from the judgment rendered . . . barring and foreclosing all said defendant's [Struck's] right, title, and interest in and to the premises described, and *from each and every part of said judgment.*" The court held that by the expressed purpose to appeal from the judgment, the notice, and retainer, and the use of the words above italicized, to appeal from each and every part of the judgment, Struck made a general appearance in the action and could not be heard to object to the insufficiency of the service upon him. The basis of the ruling was that by the form of his appeal Struck obtained the right not only to object to the sufficiency of the service upon him, but to contest the judgment on the merits. In the instant case the defendants did precisely what Struck did. The language of their notice of appeal is that they "appeal from the order rendered" and "more particularly from that part of said order" relating to Alvina Young. By this language they appealed from the "order rendered." This is as inclusive as if they appealed from "each and every part" of

the order, as was done in the *Struck Case* as to the judgment. That they appealed from the whole order, or at least from parts thereof other than the part "particularly" mentioned, follows from the word "more" in connection with the word "particularly." They appealed from the part particularly mentioned, but they could not appeal from that part "more particularly" than they appealed from the rest without also appealing from the rest. The form of their appeal gave them the right to attack the parts of the order confirming the judgment as to Alvina Young and requiring Margaret Cady to show cause why she should not be bound by the judgment on the ground that the record showed other grounds for vacating the judgment than defective service of the summons. The record on which the judgment was based was brought up by the appeal, as the motion was based in part upon that record, as appears from what is said under (1) above. Each of the defendants by joining in the appeal asked, in effect, that the order so far as it confirmed or tended to confirm the judgment be reversed, and could have urged in support of their positions that grounds to support it were shown by the record on which the judgment was based. They could ask this only on the basis that the court had jurisdiction of their persons. By so asking, they invoked the jurisdiction of the court and thereby acknowledged jurisdiction of their persons and submitted themselves to the jurisdiction of the court.

In view of the holding of the court that the appealing defendants made a general appearance in the action, it is unnecessary to consider their contentions on their appeal respecting Alvina Young and Margaret Cady. By their general appearance the appealing defendants validated the judgment as to them regardless of amendment of the return as to Alvina Young and regardless of a showing by Margaret Cady under sec. 269.12, Stats., why she should not be

bound by the judgment. It is also unnecessary to consider the contention of the appellants that the admission of service of the summons and complaint by Margaret Cady constituted a general appearance.

*By the Court.*—On the appeal of the plaintiffs the order is reversed as to defendants Anna Schwantz and Margaret Cady; on the appeal of the defendants the order is affirmed as to Alvina Young; and the record is remanded with instructions to enter an order denying the defendants' motion and confirming the judgment in all respects.