STATE EX REL. RALPH LUMBER COMPANY, INC., and another, Petitioners, vs. KLECZKA, Circuit Judge, and another, Respondents.

*January 19—February 13, 1940.*

8

For the petitioners there was a brief by *Wood, Warner & Tyrrell,* and oral argument by *Jackson M. Bruce,* all of Milwaukee.

For the respondents there was a brief by ·*Bloodgood, Kemper & Passmore,* attorneys, and *William E. Burke* of counsel, all of Milwaukee, and oral argument by *Mr. Burke.*

MARTIN, J.   The record herein, consisting of the petition for the writ of prohibition and exhibits attached, discloses the following facts : That the respondent S. B. Byrom, a resident of Georgia, in February, 1939, attempted to commence an action in the circuit court for Milwaukee county, Wisconsin, against the petitioner Ralph Lumber Company, Inc., an Alabama corporation, and I. R. Anderson, a resident of the

state of Mississippi, for an alleged breach of a written contract made in the state of Alabama; that the cause of action did not arise in the state of Wisconsin; and that no personal service was obtained on either petitioner in Wisconsin. The certificate of the sheriff of Milwaukee county states that after due and diligent search and inquiry, defendants cannot be found, and that said defendants are not residents of the state of Wisconsin.

The plaintiff's verified complaint alleges that plaintiff is a resident of Byromville, Georgia, that defendant Ralph Lumber Company, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Alabama, with its office and principal place of business in the city of Hillwood in said state, that the defendant I. R. Anderson is a resident of Laurel, Mississippi, and that he is the president of the defendant Ralph Lumber Company, Inc. There is no allegation in the complaint that defendants or either of them have property within the state of Wisconsin.

The plaintiff Byrom, one of the respondents herein, attempted to obtain service by publication in the circuit court action. It appears in that connection that upon the affidavit of one of plaintiff's attorneys which, among other things, stated that a summons had been issued in the action, that the plaintiff's complaint was duly verified and is on file with the clerk of the circuit court for Milwaukee county, that a cause of action exists in favor of the plaintiff and against the defendants, and that "as affiant is informed and believes, the defendants, and each of them, have property within the state of Wisconsin, to wit, moneys due them, and each of them, from the Wisconsin Coosa Company, a corporation, whose office and principal place of business is the First Wisconsin National Bank Building, Milwaukee, Wisconsin." This affidavit further recites that plaintiff is unable with due diligence to make service of the summons in said action upon said defendants and that said defendants cannot be found within the state of Wisconsin. It then sets forth the place of resi-

dence and post-office address of each defendant as herein-before indicated. Plaintiff thereupon procured an order of the court for service of the summons, in said circuit court action, by publication. Publication and mailing was had as directed by the order of the court. Also personal service of the summons and complaint was made upon both defendants at their respective places of business in Alabama and Mississippi.

Simultaneously with the issuing of the summons and complaint in said circuit court action, the plaintiff Byrom commenced a garnishment action in the circuit court for Milwaukee county against the same defendants in which the Wisconsin Coosa Company was named garnishee defendant. The complaint in the garnishment action is personally verified by the plaintiff in which he alleges "on information and belief, that the Wisconsin Coosa Company, a corporation, garnishee defendant above named, is indebted to or has property in its possession or under its control belonging to the defendants, and each of them, and that such indebtedness or property is, to the best of plaintiff's knowledge or belief, not exempt from execution." The garnishee defendant made answer denying that it was in any manner indebted or under liability to the defendants Ralph Lumber Company, Inc., and I. R. Anderson, or either of them, and, that at the time of the commencement of the garnishment action, it did not then have in its possession or under its control any real estate, personal property, effects, or credits of any description whatsoever belonging to said defendants, or in which said defendants had any interest, and was in no manner liable as garnishee in said action. The plaintiff served notice of taking issue with the garnishee's answer.

Defendants seasonably entered their special appearance for the sole purpose of objecting to the jurisdiction of the court over the persons of defendants and moved that an order be entered vacating and setting aside the attempted service of summons in the original action. In connection with this

motion, defendant Anderson made and filed his affidavit, both in his own behalf and as president of defendant Ralph Lumber Company, Inc., in which he stated that neither he nor defendant Ralph Lumber Company, Inc., at the time of the attempted service of the summons or at any time had any property of any kind or description in the state of Wisconsin. C. O. Thomas, president of the Wisconsin Coosa Company, made an affidavit which stated that, of his personal knowledge, at no time during the year 1939 or at any other time was the Wisconsin Coosa Company indebted to the Ralph Lumber Company, Inc., or I. R. Anderson.

On July 25, 1939, the circuit court for Milwaukee county, Judge KLECZKA presiding, entered an order denying the motion of defendants to vacate and set aside the service of summons with $10 costs of motion, and further providing that said defendants be granted twenty days from date of said order within which to answer or otherwise plead. It is alleged in the petition herein that the Hon. JOHN C. KLECZKA, as judge of the circuit court for Milwaukee county, now threatens to proceed to hear, try, and determine said action upon its merits and to render judgment by default against the petitioners herein and will so do unless this court by its writ of prohibition otherwise orders.

It is clear that in order to obtain jurisdiction by publication of summons upon nonresidents it must appear from the verified complaint that the defendant has property or some interest in property within the state or that the cause of action arose therein. In the instant case it appears from the verified complaint that all the parties to the original action are nonresidents, that the cause of action did not arise in Wisconsin, and there is no allegation that defendants or either of them have any property within the state of Wisconsin.

We need not here consider the garnishment proceedings because if the court is without jurisdiction in the original action and it fails, the garnishment proceedings fall with it.

It should be noted that the old practice as provided in secs. 262.12 and 262.13 of the statutes of 1929 and former years is no longer applicable. The provisions therein for making affidavit and obtaining an order for publication of the summons or for personal service on defendant without the state have been superseded by the new rules of this court, rule (sec.) 262.12 (Supreme Court Order, effective Sept. 1, 1931; Supreme Court Order, effective Jan. 1, 1936) and rule (sec.) 262.13 (Supreme Court Order, effective Sept. 1, 1931; Supreme Court Order, effective Sept. 1, 1932).

Sec. 262.12, Stats. 1937, provides in part:

"*Service by publication.* When the summons cannot with due diligence be served within the state, the service of the summons may be made without the state or by publication upon a defendant when it appears from the verified complaint that he is a necessary or proper party to an action or special proceeding as provided in Rule 262.13, in any of the following cases:

"(1) When such defendant is a nonresident of this state or his residence is unknown, or is a foreign corporation, *and the defendant has property within the state, or the cause of action arose therein,* and the court has jurisdiction of the subject of the action, whether the action be founded on contract or tort."

Sec. 262.13 (1), Stats. 1937, provides:

"*Substituted service, proof; how made.* (1) Before entering judgment against any defendant who has been served with summons by publication or personally without the state pursuant to Rule 262.12 and who has not appeared, the court shall require proof by affidavit to be made and filed of the existence of the facts which authorize service to be made in that manner and that the service was in fact made as the rule requires. The court may require additional proof. Said proof shall be conclusive in all collateral actions and proceedings."

The statutes above quoted make no provision for any order for publication of summons, and the plaintiff's verified

complaint must allege all necessary jurisdictional facts or else the publication or personal service without the state is void.

It will be observed that under sec. 262.13, Stats., above quoted, the court shall, before entering judgment against any defendant who has been served with summons by publication or personally without the state and who has not appeared, *require proof by* affidavit or in such other manner as the court may require as to the existence of the facts which authorize service to be so made.

The petition herein for a writ of prohibition has attached thereto, and made a part thereof, a copy of the summons and complaint in the original circuit court action. As heretofore stated, the allegations of that complaint show that all the parties thereto are nonresidents, that the cause of action sued upon did not arise within the state of Wisconsin, and there is no allegation that the defendants or either of them had any property within Wisconsin. It is obvious that the circuit court for Milwaukee county was without jurisdiction. The motion of defendants on special appearance to vacate and set aside the alleged service of summons should have been granted. It having been denied, and it now appearing that the court threatens to hear, try, and determine the action and enter judgment against defendants upon default, the writ prayed for must be granted.

*By the Court.*—The writ of prohibition is granted.