GALE and others, Appellants, vs. CONSOLIDATED BUS & EQUIPMENT COMPANY and another, Respondents.*

*November 19—December 23, 1947.*

* Motion for rehearing denied, with $25 costs, on February 17, 1948.

For the appellants there were briefs by *Schubring, Ryan, Petersen & Sutherland,* attorneys, and *F. A. Brynelson* of counsel, all of Madison, and oral argument by *Mr. Brynelson.*

For the respondents there was a brief by *Emil C. Cady* and *Richard R. Rynders,* both of Madison, and oral argument by *Mr. Rynders.*

WICKHEM, J. On February 3, 1947, an action was commenced by plaintiffs against Consolidated Bus & Equipment Company, Inc., a foreign corporation, and W. R. Slack and R. C. Lewis, a copartnership. The action was for breach of contract. The complaint alleged that defendants were equipment brokers and had sold plaintiffs several used buses to be delivered in November, 1946. The breach alleged was a delay in delivering buses until early in February, 1947, as a result of which plaintiffs were required to overuse their equipment and to purchase inferior equipment to handle their volume of passenger business. Damages were demanded in the sum of $5,000. On the same date a garnishment action was commenced against Madison Bus Company as garnishee defendant. Personal service was had on garnishee defendants and service by publication and mailing on the principal defendants in both actions. The original summons and complaint in the principal action contained no allegation that defendants had property within the state of Wisconsin. On March 22, 1947, defendant, W. R. Slack, filed a petition in the garnishment action for an order to show cause why funds of the petitioner

should not immediately be turned over to petitioner, and also for interpleader of Madison Bus Company in the event of an action being brought against petitioner. The supporting affidavit states in substance that Slack is sued in the principal and garnishment actions only as a partner; that $7,000 of affiant's property has been garnisheed in the hands of Madison Bus Company; that affiant did sell to plaintiffs certain used buses to be delivered by Madison Bus Company and delivery to the latter of fourteen new buses scheduled to arrive in Madison in 1946; that in view of this, delivery was contemplated in November, 1946, but plaintiffs were informed that there might be a delay and that affiant was in no manner responsible for the delay. Affiant further sets forth that on January 16, 1947, he instructed plaintiffs to send affiant the sum of $7,000 and to pay the balance of $15,000 direct to Madison Bus Company, and that upon receipt of payment of the $7,000 he would advise Madison Bus Company to release the buses; that information as to this arrangement was also communicated to the Madison Bus Company; that against the instructions of affiant, plaintiffs paid the $22,000 to Madison Bus Company and took delivery of the buses without any release by affiant; that on the same day plaintiffs commenced the action and garnishment action seeking to tie up the $7,000 belonging to affiant. The action as brought did not name affiant as party defendant but has subjected affiant's money to process; that if the action be amended so as properly to name affiant as party defendant, affiant, if held liable will have a right of action against Madison Bus Company for the amount of such recovery against him; that he is presently unable to prepare a cross complaint because he is not a party to the action but that he is ready and willing to prepare a cross complaint when and if he is sued as party defendant. Affiant prays that his funds be released and that in the event this affiant is made a party defendant Madison Bus Company also be made a party defendant in such prospective action.

On March 25, 1947, plaintiffs amended the summons and complaint in the principal action to include Slack as a party defendant and to drop the partnership of W. R. Slack and R. C. Lewis from the title. The garnishee summons was amended simultaneously to conform to this change in parties. On March 29, 1947, the court ordered that Slack be interpleaded in the garnishment action. Thereafter the garnishee defendant interposed an answer to the original garnishee action setting forth that it did not know to whom the money which it held belonged.

On April 19, 1947, Slack as an "intervening and interpleaded party in garnishment" filed a complaint in the garnishment action asserting that the garnishee defendant had made no answer in the proceedings; that the money involved belongs to Slack personally; that he was never a member of any partnership. The complaint demands that the $7,000 be paid into court "and that this intervening and interpleaded party be given possession of said money, and that he have costs against the plaintiff." Plaintiffs filed an answer to this complaint.

No appearance was made on behalf of Slack in the principal action within the time for answering the amended complaint and plaintiffs obtained judgment by default on May 13, 1947. At the time proof of service by publication and mailing together with proof of default was made. The garnishment record then also offered to establish property of Slack in the hands of the Madison Bus Company. On May 17, 1947, Slack brought on for hearing in the principal action a motion and order to show cause why the judgment should not be vacated. The supporting affidavit states that the following jurisdictional questions are involved: (1) That this is a second amendment to the complaint and also in the garnishment without any order of the court authorizing the same "all of which appears in the record;" (2) that there is a question in respect of "complete substitution of parties defendant;" that said W. R. Slack was not a defendant in either the first or the amended complaint "all of which appears in the record;" (3) that there is a

question of jurisdiction "attempted to be obtained by the plaintiff by fraud or trick." The affidavit further stated that the matter had several times been adjourned by agreement and that Slack had a defense to the action on the merits. There follows a statement of the circumstances of the transaction including the correspondence leading up to the payment of the $7,000 to the Madison Bus Company. The affidavit concludes that the purpose of the affidavit is to have the judgment vacated and the matter held in abeyance until the question of jurisdiction is determined and to have plaintiff and its attorneys restrained from further proceeding until a hearing on this order to show cause. It finally stated that "this appearance not to constitute the general appearance, but to constitute a special appearance, until the question of jurisdiction is resolved." The order of the court dated May 20, 1947, granted defendant's motion and dismissed the action. The recitals of the order state that Slack appeared specially and that the matter came on to be heard upon the summons, return, and all papers on file in said action.

Upon the appeal Slack stipulated with plaintiffs for settlement of the bill of exceptions, waived notice of the proposed bill and notice of settlement. He also agreed to the exclusion of certain matters from the bill.

The trial court was of the view, (1) that what the trial court denominates a technique employed by plaintiffs in this case artificially to create property in the state belonging to defendants does not effectively create a basis for publication; (2) that the verified complaint in the principal action does not allege property of Slack within the state. (In this connection see *State ex rel. Ralph Lumber Co. v. Kleczka,* 234 Wis. 7, 290 N. W. 142) ; (3) that plaintiffs simply seek to obtain a personal judgment against a nonresident; that plaintiffs may not do this unless they first attach property or allege its presence in the state with such effectiveness as to make the action virtually one *in rem;* (4) that this cannot be accomplished by the process of garnishment because neither the principal action nor the garnishment can be based upon service by publication when a

defendant has no property in the state and hence as the trial court states plaintiffs are trying "to pull himself up by his own bootstraps."

Plaintiffs assert that even though there is no property in the state a cause of action arose in the state; that this sufficiently appears from the complaint and under sec. 262.12, Stats., publication may be had either where defendant has property within the state or *where the cause of action arose therein.* This implies that if the cause of action arose within the state it is unnecessary to allege that the defendant has property within the state and that neither under *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565, nor *State ex rel. Ralph Lumber Co., supra,* is the allegation required. For reasons hereinafter appearing we shall not discuss this point and simply cite in connection with it the following two cases : *Witt v. Meyer,* 69 Wis. 595, 35 N. W. 25; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821.

Plaintiffs' principal contention is that Slack made a general appearance in this action and that any defects in jurisdiction over his person are thereby waived. After a careful examination of the record we are of the opinion that Slack made a general appearance in both the principal and the garnishment actions, and in view of this conclusion it is unnecessary to determine whether the trial court was right in concluding that plaintiffs did not by their publication get jurisdiction over the person of Slack. It is, of course, elementary that a general appearance waives any defects in respect to jurisdiction over the person of defendant. *Keeler v. Keeler,* 24 Wis. 522; *Grantier v. Rosecrance,* 27 Wis. 488; *Anderson v. Coburn,* 27 Wis. 558; *Alderson v. White,* 32 Wis. 308; *Gray v. Gates,* 37 Wis. 614. It is the rule that where a person moves to set aside a judgment for want of service upon him and couples with his claim for relief upon that ground a claim for relief upon other grounds he makes a general appearance. *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 257 N. W. 595; *Alderson v. White, supra; Gilbert-Arnold Land Co. v. O' Hare,* 93 Wis. 194, 67 N. W. 38; *Coad v. Coad,* 41 Wis. 23. The

reason for the rule is that any demands or matters submitted to the court for determination other than want of adequate service presuppose a jurisdiction in the trial court and constitute a submission to such jurisdiction. Thus, inclusion of a prayer to set aside a judgment because the costs were excessive amounts to a general appearance. *Gilbert-Arnold Land Co. v. O'Hare, supra;* so also a stipulation by defendant as to the time and place of trial; *Keeler v. Keeler, supra;* so also a motion to set aside findings of fact, conclusions of law, and judgment; *Coad v. Coad, supra;* so also a motion based upon the complaint and "all the papers and records on file in the proceedings herein." *Schwantz v. Morris,* 219 Wis. 404, 410, 263 N.W. 379. In the last two cases the appearance was held general in spite of the fact that the motion expressly limited all the matters to "the purpose of this motion only and for no other purpose." Where the defendant after service obtained from the opposite party by stipulation further time to plead, see *State ex rel. Attorney General v. Messmore,* 14 Wis. *115.

In this case it is convenient to deal with the garnishment and principal actions separately in seeking the proper application of the rules above established. We think there can be no doubt that Slack made a general appearance in the garnishment action. He asked to be impleaded; he filed a cross complaint; he asked that the money impounded by the garnishment be turned over to him.

In respect of the principal action Slack's affidavit raises two questions that, in our opinion, have nothing to do with jurisdiction over his person. The first is an objection to the second amendment of the complaint without any order of the court authorizing "all of which appears in the record." We shall not determine whether the dropping of the partnership and the addition of Slack as an individual party defendant constitutes a procedural irregularity but it is perfectly clear to us that it is not jurisdictional and, if it is, it has nothing to do with jurisdiction over the person of Slack. It is claimed by Slack that an action is not pending until service is had but we think this an immaterial consideration. The original summons and

complaint were served by publication. The complaint was thereafter amended and the summons and amended complaint served by publication. These purported to be proceedings in the same action. The only question before us here is whether jurisdiction was obtained of the person of Slack, and the objection made and the relief demanded by his objection presupposes authority in the trial court to deal with an error in procedure, if, indeed, there was an error. The second point that has nothing to do with jurisdiction over the person of Slack is on a par with the first. It raises the question whether it was proper procedure for plaintiffs to substitute W. R. Slack for the partnership of Slack and Lewis which was a defendant in the first action. Not only are these procedural defects but the motion concerning them is made on the basis of the record, and this was held in the *Schwantz Case, supra,* to be fatal to the maintenance of a special appearance. There are also recitations in the affidavits that adjournments of the matter were had by agreement. Upon the appeal Slack stipulated with plaintiffs for settlement of the bill of exceptions. Such agreements are held to constitute a general appearance and submission to the jurisdiction of the court. See *State ex rel. Attorney General v. Messmore, supra,* and *Keeler v. Keeler, supra.* The one matter contained in the affidavits that falls in a different class is the request for a temporary injunction pending the disposition of Slack's motion. This is governed by *Bitter v. Gold Creek Mining Co.* 225 Wis. 55, 273 N. W. 509, in which it is said that a request for relief incidental to and not inconsistent with Slack's motion and based solely on lack of jurisdiction does not make the appearance general. It is, of course, obvious that the statement in connection with Slack's motion denominating it a special appearance is of no force and effect so long as the contents of the motion itself requires it to be characterized as general. See *Schwantz* and *Coad Cases, supra.*

*By the Court.*—Order reversed, and cause remanded with directions to vacate the order appealed from.

The following memorandum was filed February 20, 1948:

WICKHEM, J. (*on motion for rehearing*). The court has carefully reviewed the contentions made upon this motion for rehearing by defendant and adheres to its views as expressed in the opinion. This memorandum is filed because one of the paragraphs in the opinion is apparently subject to misunderstanding. The opinion contains the following statement (*ante,* p. 648):

"Plaintiffs assert that even though there is no property in the state a cause of action arose in the state; that this sufficiently appears from the complaint and under sec. 262.12, Stats., publication may be had either where defendant has property within the state or *where the cause of action arose therein.* This implies that if the cause of action arose within the state it is unnecessary to allege that the defendant has property within the state and that neither under *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565, nor *State ex rel. Ralph Lumber Co., supra,* is the allegation required. For reasons hereinafter appearing we shall not discuss this point and simply cite in connection with it the following two cases: *Witt v. Meyer,* 69 Wis. 595, 35 N. W. 25; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821."

The writer accepts full responsibility for the form in which this paragraph is cast and recognizes that it may be misleading. The paragraph was intended to state plaintiffs' position that under sec. 262.12, Stats., a publication may be had where the cause of action arose within the state although defendants had no property here and that the court found no occasion to rule upon the contention. Attention was called to the *Witt* and *Disconto Gesellschaft Cases* because they were not cited in plaintiffs' brief and as defendants properly point out are apparently contrary to plaintiffs' position. The paragraph evidently created the impression that the court considered that the cases supported plaintiffs' contention.

*By the Court.*—Motion for rehearing denied with $25 costs.