GREINKE and wife, Appellants, vs. MIDLAND IMPROVEMENT COMPANY, Respondent.

*October 11—November 15, 1949.*

*Cyril C. Foster* of Milwaukee, for the appellants.

For the respondent there was a brief by *Joseph M. Picker,* attorney, and *Irving A. Lore* of counsel, both of Milwaukee, and oral argument by *Mr. Lore.*

FRITZ, J.   On plaintiffs' appeal from the summary judgment dismissing their complaint, it suffices to note the following matters stated in the pleadings and the affidavits of the respective parties in relation to defendant's motion for summary judgment.   In the civil court of Milwaukee county a judgment for Midland Improvement Company's (hereinafter called "Midland") recovery of $202.05 from Alfred A. Greinke and his wife (hereinafter called "Greinkes") was docketed on September 30, 1947, on a cognovit judgment note executed by them.   In November, 1948, they commenced the present circuit court action, and alleged in their verified complaint that the first notice they had of the existence of the civil court judgment was when an order for proceedings supplementary to execution, under ch. 273, Stats., was served on them on October 4, 1948, and their attorney then informed them that the judgment had been entered against them pursuant to a cognovit judgment note signed by them.   They immediately obtained an order to show cause in the civil court why the judgment docketed on September 30, 1947, should not be vacated and set aside, and why they should not be permitted to file an answer in said matter.   After a hearing the civil court dismissed their order to show cause for want of jurisdiction of the court on the ground that, as the judgment was docketed on September 30, 1947, there had elapsed more than the one year within which the civil court is authorized to vacate a default judgment under certain provisions in sub. 1 of sec. 21, ch. 549, Laws of 1909, relating to procedure in the civil court, which authorizes the court to vacate default judg-

ments "within one year from the docketing of such judgment." From that dismissal of their motion in the civil court Greinkes did not appeal to the circuit court.

Instead they commenced in the latter court their present action for equitable relief restraining enforcement of the civil court judgment. Upon Midland's motion for summary judgment dismissing Greinkes' complaint the circuit court granted judgment to that effect for the following reasons. Another provision in said sub. 1 of sec. 21, of the laws relating to procedure in the civil court provides that,—

"Said court, or the judges thereof, shall have the same power as the circuit court, or the judges thereof, to entertain motions, make orders, stay proceedings, *vacate judgments,* and to grant new trials and other relief." (Ch. 37, Laws of 1939.)

Thus there is expressly vested in the civil court and its judges the same power in respect to vacating judgments as is vested in the circuit court and its judges by sec. 269.46 (1), Stats., which provides:

"The court may, upon notice and just terms, *at any time within one year after notice thereof,* relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

Under those provisions the period within which relief may be granted by vacating a judgment is at any time within one year after notice thereof, instead of within one year from the docketing thereof. Consequently, if as Greinkes alleged, the first notice they had of the existence of said judgment against them was after the order for supplementary proceedings was served on them on October 4, 1948, then upon their showing to that effect the civil court had jurisdiction and power to grant relief by vacating said judgment at any time within the year after Greinkes had such notice; and the civil court's denial of

such relief on solely the ground that there was want of jurisdiction was an erroneous determination, which they would have been entitled to have reviewed and reversed if they had appealed therefrom to the circuit court. Consequently they had an adequate remedy at law, and there is applicable the rule that when an action at law furnishes complete and adequate relief, there is no occasion for resorting to equity. The·equitable action only lies when there is no adequate remedy at law. *Royal Indemnity Co. v. Sangor,* 166 Wis. 148, 152, 164 N. W. 821; *Coon v. Seymour,* 71 Wis. 340, 346, 37 N. W. 243.

*By the Court.*—Judgment affirmed.