Ozaukee Finance Company, Plaintiff and Respondent, vs. Cedarburg Lime Company, Defendant: Cowhey, Defendant and Appellant.*

*October 6—November 9, 1954.*

---

* Motion for rehearing denied, with $25 costs, on January 14. 1955.

For the appellant there were briefs by *Kay, Dunphy & Kay,* attorneys, and *Ward Dunphy* of counsel, all of Milwaukee, and oral argument by *Ward Dunphy.*

For the respondent there was a brief by *Gerold & Huiras* of Port Washington, and oral argument by *Ralph J. Huiras.*

GEHL, J.  Defendant contends that for lack of service of process the judgment is void.  Among other things plaintiff contends that by his motion defendant Cowhey has brought himself into court for a purpose other than to object to the court's jurisdiction to enter judgment and that consequently he has made a general appearance in the action and has waived all defects in the service of process.  If that contention is to be sustained there is no need to consider the question whether the judgment is void.

Defendant's notice of motion, which recites that his attorney appears specially for the purpose of the motion only and for no other purpose, apprises that "upon the records and files and proceedings herein" he will move the court "for an order setting aside and vacating . . . [the] judgment against

. . . [him] and dismissing the cognovit proceedings on the ground that, as appears from the records and proceedings here and on file that summons was never in fact served upon . . . [him] either personally or in any manner authorized by law."

The question whether such action as was taken here constitutes a general appearance has been considered by this court. In *Coad v. Coad* (1876), 41 Wis. 23, 25, 26, in an action for a divorce, service of the summons was had by publication. Despite the fact that there had been failure of personal service of the summons upon defendant the judgment besides dissolving the marriage, purported to direct a division of defendant husband's property. After the entry of judgment defendant moved "to set aside the findings of fact, conclusions of law, and the judgment rendered." The motion was based upon "the pleadings, papers on file, and records in said action." The notice of motion contained at its foot the notation "for the purpose of said motion only." It was held that defendant's attempt to limit the effect of his appearance by the notation appearing at the foot of his notice of motion did not avail him. The court said (p. 26):

"In moving to set aside the findings of fact and the conclusions of law, the defendant obviously assumes that the court has jurisdiction to correct errors and irregularities in the rendition of the judgment. This is plain. Having submitted to the jurisdiction to obtain that relief, it amounted to a waiver of all defects in the service of process."

In the instant case the defendant also attempted to limit the effect of his appearance by his recital in his notice of motion that he appeared specially for the purpose of the motion only and for no other purpose. But he combined with his motion to set aside the judgment a request for an order dismissing the proceedings, relief which could be given only by a court having jurisdiction. 3 Am. Jur., Appearances, p. 793,

sec. 19; *Clawson v. Boston Acme Mines Development Co.* (1928), 72 Utah, 137, 269 Pac. 147, 59 A. L. R. 1318. It does not appear to us that for the purposes of this proceeding there is any material difference between a motion to vacate findings of fact, conclusions of law, and judgment as was made in the *Coad Case,* and one to dismiss the proceedings as is made here. The rule of the *Coad Case* requires us to hold that defendant made a general appearance.

In *Schwantz v. Morris* (1935), 219 Wis. 404, 410, 263 N. W. 379, there was a motion to vacate a judgment also on the ground of want of service of the summons. The basis of the motion was "the summons and returns and admission of service thereon, upon the complaint and upon all the papers and records on file and the proceedings herein" and upon affidavits. The relief asked was for an order "setting aside the service of summons herein vacating the findings of fact, conclusions of law, and the judgment, and dismissing the action." The notice of motion recited that the appearance was made "for the purpose of this motion only and for no other purpose." The court held that, the defendants having based their motion as they did, they appeared generally and waived the jurisdictional defect. There is no material difference between the basis of the motion in the *Schwantz Case* and that in the instant case.

It is true that in the *Coad Case* defendant alleged other grounds than those here referred to for relief, and that in the *Schwantz Case* the court found other reasons for holding that a general appearance had been made. But that does not alter the fact that a decision was made upon the issue with which we are here concerned. If there were any doubt as to the correctness of that deduction it is removed by the opinion in *Gale v. Consolidated Bus & Equipment Co.* (1947), 251 Wis. 642, 30 N. W. (2d) 84, where the *Coad Case* is cited as authority for the proposition that the inclusion of a prayer

to set aside a judgment in a motion to set aside findings of fact, conclusions of law, and judgment, amounts to a general appearance, and the *Schwantz Case* to the point that a general appearance is made when such motion is based upon the complaint and "all the papers and records on file in the proceedings herein." The court in the *Gale Case* also calls attention to the fact that in each of the cases the appearance was held to be general in spite of the fact that the motion recited that it was made only for the purpose of the motion as is the case here.

We may not depart from the rules of these cases. They were applied in factual situations practically identical with those existing here. We hold that by proceeding in the manner in which he did, defendant made a general appearance and waived whatever jurisdictional defect might have existed in the proceedings.

A rule of practice and procedure is here involved. It is subject to annulment or modification by this court. Sec. 251.11, Stats. If it is to be annulled or modified it should not be done in the middle of a game but should be accomplished by compliance with sec. 251.18 which provides that notice be given and a hearing had before action in that respect.

*By the Court.*—Order affirmed.

BROADFOOT, J. (*dissenting*). I am unable to agree with the majority of the court in this case. This court in the past has not been consistent in determining what changes an intended special appearance into a general appearance. To reach the decision in the present case the majority have adopted a most rigid, harsh, and narrow construction of what has been said in earlier cases. In my opinion this practically abolishes special appearances in Wisconsin. It seems to me that where some statement is made that is incidental to and consistent with the relief sought by the special appearance it

can still be called a special appearance where the intention so to do is apparent. We of the minority are encouraged by the majority's intimation that a workable rule might be established under our authority to make rules governing procedure and practice, and will be happy to join in accomplishing such a result.

I am authorized to state that Mr. Chief Justice FAIRCHILD and Mr. Justice CURRIE join in this dissent.