R. B. GENERAL TRUCKING, INC., Appellant, vs. AUTO PARTS & SERVICE, INC., Respondent.

*January 7—February 4, 1958.*

92

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, all of Milwaukee, and oral argument by *Mr. Bernard.*

For the respondent there was a brief by *Strnad & Strnad* of Milwaukee, and oral argument by *Burton A. Strnad.*

FAIRCHILD, J.   R. B. General Trucking, Inc., is admittedly an existing corporation. It complains that its property is about to be seized to satisfy a judgment against Roman Barutha, an individual. The corporation asserts that there is no connection between itself and Barutha except the his-

torical fact that its stockholders purchased equipment and machinery from the trustee in bankruptcy of Barutha in 1951. Auto Parts views the corporation as a false front for the individual, with Barutha signing corporate checks, indorsing checks payable to it and using the proceeds for his personal bills, making his own use of its purported employees, commingling his and the corporate funds, and exercising control to such an extent that the corporation was merely an intermediary through which Barutha acted. Barutha appeared in civil court by the same counsel who represents the corporation in the present action.

Admittedly no summons naming the corporation as defendant was ever served upon it, and if the judgment binds it, it can only do so because an affidavit of the corporate president was presented to the court, because the corporate name was inserted in the judgment as a name under which Barutha does business, and because it failed to appeal.

The corporation asserts that (1) the civil court had no personal jurisdiction over it, (2) the judgment, in form, did not bind it, and (3) if the judgment be construed as binding the corporation, the judgment would constitute equitable relief which the civil court is powerless to give. The circuit court concluded that the corporation had submitted itself to the jurisdiction of the civil court by presentation of the president's affidavit and that the corporation could not challenge the judgment except by appeal.

1. *Personal jurisdiction.* Did the presentation of the affidavit of the president amount to an appearance or was the affidavit merely evidence offered in behalf of Barutha? He was opposing the amendment of the title to show that he used the corporate name in his business. Had Josephine Barutha been called as a witness and testified to her knowledge that Roman did not use the corporate name, that would be all that could be material to the question of whether he used the name. Evidently, however, she thought that the proposed

amendment would bind the corporation, for she went further and asserted that Roman was not a stockholder or officer of the *corporation*, that his interests were separate from the operations of the *corporation*, and that the *corporation* had not been served with process. None of these assertions could be relevant to the bare issue of whether Roman used the corporate name in his business, if that was the only issue before the court on that motion.

The circuit court, correctly, we think, interpreted the affidavit as implying a request by the corporation that the civil court deny the motion. So viewed, the affidavit constituted an appearance. The circuit court deemed the appearance general rather than special, and this view was consistent with many decisions. *Spencer v. Osberg* (1913), 152 Wis. 399, 140 N. W. 67; *Gale v. Consolidated Bus & Equipment Co.* (1947), 251 Wis. 642, 648, 30 N. W. (2d) 84; *Estate of Hill* (1956), 272 Wis. 197, 75 N. W. (2d) 582; and *Ozaukee Finance Co. v. Cedarburg Lime Co.* (1954), 268 Wis. 20, 66 N. W. (2d) 686. Since the amendment and addition to sec. (rule) 262.17, Stats., effective September 1, 1956, 271 Wis. p. vii, the phrase "appearing specially" no longer has its former awesome significance. An objection to the court's jurisdiction over the defendant's person is not waived because joined with other defenses or motions but an appearance of a defendant who does not object to the jurisdiction over his person is a general appearance and equivalent to personal service. The affidavit of the president of the corporation does not specifically object to the jurisdiction of the court but even if the assertion that the corporation had not been served be deemed a sufficient objection to jurisdiction, that question was submitted to the court by the appearance made and the civil court's exercise of jurisdiction was not subject to collateral attack. Restatement, Judgments, p. 50, sec. 9. A corporation had a right of appeal which, particularly since the amendment of the rules

so that an objection to jurisdiction is not waived by making defenses on the merits, is an adequate remedy. There being an adequate remedy by appeal there is no occasion for a separate action to obtain equitable relief from the judgment. *Greinke v. Midland Improvement Co.* (1949), 255 Wis. 598, 601, 39 N. W. (2d) 779. Restatement, Judgments, p. 619, sec. 128.

2. *Did the judgment bind the corporation?* On its face the judgment awarded recovery from "Roman Barutha, as a sole trader, doing business as R. B. General Trucking, Inc." Judgments are to be construed like other written instruments. 30 Am. Jur., Judgments, p. 834, sec. 31. Roman Barutha is referred to as a sole trader, but is said to be doing business under a name which is concededly that of a corporation. The corporation has come into court and opposed the addition of its name to the judgment. To resolve the ambiguity we may refer to the recital in the order for amendment which states the court's opinion that R. B. General Trucking, Inc., is an artifice of Roman Barutha for the purpose of defrauding his creditors and avoiding his just debts. The intention of the court to disregard the corporate entity and adjudge recovery from both it and the individual thus becomes clear.

3. *Is a judgment which is based upon disregard of the corporate entity beyond the power of the civil court?* "The civil court of Milwaukee county has only limited equitable jurisdiction, and none to grant equitable relief on the ground of fraud." *Nehring v. Niemerowicz* (1937), 226 Wis. 285, 289, 276 N. W. 325. That court does not have jurisdiction of an action to reform a contract. *Garage Equipment Mfg. Co. v. Danielson* (1914), 156 Wis. 90, 144 N. W. 284, nor of an action for specific performance. *Pierson v. Dorff* (1929), 198 Wis. 43, 50, 223 N. W. 579; *Jefferson Gardens v. Terzan* (1934), 216 Wis. 230, 235, 257 N. W. 154.

We do not have the civil court complaint before us, but the docket indicates that it was for goods sold. Had the

judgment been against the individual and the corporation jointly, it would have been within the power of the court.

Courts often disregard the corporate entity when its recognition would protect fraud. This has been done where a corporation is the mere alter ego or business conduit of a person and where a commingling of the affairs of a dominant person with those of the corporation will work a fraud. 1 Fletcher, Cyc. Corp. (perm. ed.), p. 134, sec. 41, p. 165, sec. 44; *Minahan v. Timm* (1933), 210 Wis. 689, 247 N. W. 321. The doctrine is equitable, but there is some authority that the law will follow equity in this regard. In any event Fletcher suggests that legal doctrines of liability of undisclosed principals and of liability of the real party to a contract will lead to the same result. *Op. cit.,* vol. 1, p. 138, sec. 41. We conclude that the instant judgment does not so clearly grant equitable relief that on its face it exceeds the power of the civil court.

We emphasize that there may well have been error in the civil court's action. No summons was served on the corporation unless service on Roman Barutha be considered such. The complaint did not allege a cause of action against it and no amendment of the complaint appears to have been allowed or made. The testimony supporting the court's view that the corporation was a fraudulent artifice may have been imported from an action to which the corporation was never a party. There were no findings of fact supporting the amendment of the judgment, although findings which would have supported it were filed at about the same time in another action. Assuming the worst, however, an appeal was an adequate remedy and as heretofore stated there was no occasion to resort to an action in equity to restrain enforcement. All essential facts were before the circuit court without dispute and summary judgment was properly granted.

*By the Court.*—Judgment affirmed.

(*Dissent.*) BROADFOOT, CURRIE, and STEINLE, JJ., dissent on the ground that the judgment of the civil court rendered against Roman Barutha, as a sole trader doing business as R. B. General Trucking, Inc., is not a judgment against said corporation. Therefore, such corporation was entitled to invoke the equity power of the circuit court to enjoin the enforcement of the judgment against corporate assets.