ESTATE OF CARL SCHÆFFNER: APPEAL OF WOLFF, Executor.

CONSTRUCTION OF WILLS.   *(1, 2) Duty of county, circuit and supreme courts, respectively, in respect to construing wills.   (3)* RES ADJUDICATÆ *as to construction of will in this case.*

CHANGE OF VENUE.   *(4) Waiver of objection to second change.*

1. As a general rule, when the provisions of a will are such as to render it proper for the executor to take the opinion of the court on its construction, and the rights of parties under it, he is entitled to the aid of the court in that respect.
2. On the final settlement of the executor's accounts, the probate court must construe the will so far as is necessary in settling the order of distribution; and, on appeal from such order, it is the duty of the circuit court to determine the question of construction involved therein; and this court, on appeal thereto in such a case, declines to give construction to the will until it has been first passed upon by the circuit court.
3. That the county court had power to construe the will here in dispute, on ordering a distribution of the estate; that proper notice of the proceeding had been given to the parties interested; and that the county judge was not disqualified by anything appearing in the record — are *res adjudicatæ* by the decision of the former appeal herein.   41 Wis., 260.

4. Where, on appeal from the county court, a *second* change of venue was obtained on the ground of prejudice of the circuit judge, and the adverse party appeared, without objection, in the court to which the cause was sent, took various steps therein implying that such court had jurisdiction, and went to the hearing on the merits, this was a *general appearance*, and a *waiver* of any objection on the ground that the statute did not authorize such second change of venue.

APPEAL from the Circuit Court for *Washington* County. The executor of the will of Carl Schæffner having appealed to the circuit court for Milwaukee county, from an order of the county court construing the will of Carl Schæffner and determining the rights of the parties interested under it, *Edward Schæffner*, upon an affidavit of prejudice of the circuit judge, obtained a change of venue to the circuit court for Walworth county. That court held that the time for construing the will had not arrived, and reversed the order of the county court; but, on appeal to this court, it was held that when the order of the county court was made, the time had arrived for that court to give construction to the will, and that said court had full jurisdiction to make the order; and the order of the circuit court was therefore reversed, "and the cause remanded for further proceedings according to law." *Appeal of Edward Schæffner*, 41 Wis., 260–265. On a second affidavit of prejudice of the judge, made by *Edward Schæffner*, the venue was changed to the circuit court for Washington county. After the cause had been by *Edward Schæffner* noticed for trial at a special term of that court to be held in Winnebago county, it was, on the executor's motion, continued to the next regular term in Washington county; and at said term the executor filed certain issues additional to those raised in his notice of appeal. Among these were the following: "4. Did the county court give a proper construction to said will? 5. Was not the order of assignment in violation of the provisions of said will?"

After a hearing, the circuit court made an order reversing so much of the order of the county court as directed the executor to pay the money in his hands to *Edward Schæffner*, upon receiving from the latter security of a certain character

for the payment by him of certain bequests when the same should become due by the terms of the will as construed by the county court; but the circuit court declined "to pass upon any of the other issues raised in said matter," on the ground that the executor was not interested in them. These issues involved the question whether, after the death of a person named in the will, who was living when the order of the county court was made, the rights of the legatees would be as defined in that order.

From this order of the circuit court, the executor appealed.

For the appellant, there were briefs by *Howard & Thompson*, and oral argument by *Mr. Howard*.

For the respondent, a brief was filed by *Cotzhausen, Smith, Sylvester & Scheiber*, and the cause was argued orally by *Mr. Cotzhausen*.

COLE, J. The administration of this small estate seems to have given rise to a great deal of unnecessary litigation and expense. It is now a matter of sincere regret that the cause is not in a position to enable us to put a construction upon the will and stop further contention over it. But it is not. When the case was here on a former appeal (41 Wis., 260), we decided that the time for construing the will had arrived, and that it was the duty of the circuit court to proceed on the appeal from the order of the county court, and construe the will. The cause was remitted to the circuit court for that purpose. The circuit court, however, on the last hearing, failed to execute the mandate of this court by construing the will, but merely ordered that so much of the order of the county court, dated January 8, 1875, as directs the executor to pay over to *Edward Schœffner* the money remaining in his hands or under his control, on receiving a bond from the said *Schœffner* as specified in the order, be reversed, but declined to pass upon any other issue raised, or to receive evidence upon such issue, for the reason that the executor had no interest in them. This view of the circuit court we deem incorrect. As a general rule, we suppose, whenever the pro

visions of a will are such as to render it proper for the executor to take the opinion of the court as to its construction and the rights of parties under it, the executor is entitled to the aid of the court. In *Heiss, Executor, v. Murphey,* 43 Wis., 45, the chief justice observes that it was not the mere right, it was almost the duty, of the executor to take the opinion of the court upon the construction of the will and the validity of the disposition which it purported to make of the testator's property. The remark *is* as pertinent and true in this case as it was in the case in which it was made. The executor had certainly the right to ask the direction of the court as to who took the residue of the estate under the will, in order that he might discharge his duty as trustee. The question as to the meaning of the will came up on the final settlement of his account in the county court. That court had then necessarily to construe the will in settling its order of distribution. It did put a construction upon it, and made the order from which the executor took an appeal to the circuit court. No further construction has been given to the will, and the executor is left in the dark as to what disposition is to be made of the residue of the estate after the legacies are paid. It seems to us this is sufficient to show that the executor is interested in having the circuit court decide the appeal upon its merits and determine the meaning of the residuary clause.

Some of the questions discussed by the learned counsel for the executor on this appeal are *res adjudicatæ.* This court has already decided that the county court had jurisdiction to construe the will on ordering distribution of the estate; that proper notice of the proceeding had been given to the parties interested under the will; and that the county judge was not disqualified by anything appearing on the record from acting in the matter. But it is now claimed that the circuit court for Washington county had no jurisdiction of the matter, because there was a second change of venue on account of the prejudice of the judge of the circuit court. It is said that the statute does not allow a second change of venue on that ground or for that reason. Whatever force there might be ir

this objection under other circumstances, it is clear that the executor cannot insist upon it here. For he appeared in the circuit court for Washington county without objection; took various steps in the cause which implied that that court had jurisdiction; and went to the hearing of the appeal on the merits. This amounted to a general appearance in that court, and waived all objection to the jurisdiction of the circuit court for Washington county. *Montgomery v. The Town of Scott*, 32 Wis., 249; *Blackburn v. Sweet*, 38 id., 578; *Carpenter v. Shepardson*, 43 id., 406.

It follows from these views that the order of the circuit court for Washington county must be reversed, and the cause remanded to that court for further proceedings according to law.

*By the Court.* — It is so ordered.

A motion by the respondent for a rehearing was denied.