ESTATE OF WILLIAMS: FIRST NATIONAL BANK & TRUST
COMPANY OF RACINE, Special Administrator, Appel-
lant, vs. GULBANKIAN, Executrix, Respondent.

*March 3—April 6, 1954.*

406

For the appellant there was a brief by *Benson, Butchart, Haley & Benson* of Racine, and oral argument by *Donald A. Butchart.*

For the respondent there was a brief by *Heft, Brown, Stewart & Coates,* and for the residuary legatee by *Beck & DuRocher,* and oral argument by *Carroll R. Heft, Thorwald P. Beck,* and *Kenneth L. Greenquist,* all of Racine.

GEHL, J.   Sec. 253.11, Stats., provides:

"Any county judge may act as county judge of any county upon the request of the county judge thereof, and while so acting he shall have the same powers as if elected for the county in which he is acting. . . ."

That a county judge has authority to act in any county of the state is there declared.   It must be conceded that Judge DAVIS had not been requested by Judge SIMPSON to act in the matter of the estate of Laura C. Williams.   The omission was no more than an irregularity, however, and it was competent for the bank to waive it by failing to make timely objection. *Estate of Schaeffner,* 45 Wis. 614.

On May 16th both Judge MONK and Judge DAVIS appeared.   In a reporter's transcript of some of the proceedings then had appears the recital by Judge MONK, among others, that the attorneys for the bank were present and appeared for it.   Judge MONK then announced that he considered himself disqualified to act and that he had requested Judge DAVIS to act.   He added: "There being no objections, Hon. W. W. DAVIS, acting county judge, presided in the above-entitled matter."   The bank contends that the reporter's transcript is not a part of the record and that we may not consider it.

Assuming that we may not, the formal order of Judge DAVIS entered on that day recites the general appearance of the bank by its trust officer and its attorneys and fails to disclose that the bank made any objection or raised the question as to the right of Judge DAVIS to act. Without objection made by anyone interested in the estate upon the ground that he was without authority to act, Judge DAVIS on that day admitted the will to probate, appointed Miss Gulbankian executrix, and ordered the petition filed by the bank on April 27th dismissed upon its merits.

The bank's appearance on May 16th was a general appearance and waived all objection to the power of Judge DAVIS to act. *Case v. Hoffman,* 100 Wis. 314, 356, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945. He was then acting in the matter with the "same powers as if elected for" Racine county as is authorized by the statute.

The question then arises: How long after a county judge of another county has been called in to act in the administration of an estate, and does act with authority, may he continue in such capacity? Does his authority cease when the interest of one who has filed an affidavit of prejudice has had a determination of the matter which affects him or has withdrawn from the proceeding as is the case here? We are not required to answer the questions, for certainly it may not be said that the mere presentation by one of the parties of a petition to the judge of the county operates to disqualify the judge who has been called in. As we have pointed out, the bank had recognized the authority of Judge DAVIS to act in the proceedings. Can it, without challenge and by its own act, based upon nothing except its own determination, oust him? We think not. It does not lie within its powers effectively to determine without any action on the part of the then acting judge that he is disqualified to act further in a matter concerned with the estate.

The bank's petition for allowance of its final account seems to have been presented to Judge SIMPSON and the order for hearing thereon was signed by him. The matter has not been disposed of. Judge SIMPSON's order does not operate to disqualify Judge DAVIS to act further. Whether or not Judge DAVIS can or should continue to act is for his determination. Having been called into the matter he has the same powers as if he had been elected for Racine county. In the very nature of things he is the only person who is qualified and should be considered to have authority to determine whether he may or should continue to act. If this were not true, one can easily imagine what confusion might result.

What we have said should not be construed as implying that a county judge once called in may under no circumstances be later disqualified. What is meant is that if he is to be removed from the matter it must be accomplished by the act of the acting judge, not by a mere request of a party to the local judge that he take over.

*By the Court.*—Order affirmed.