Estate of Hill: Stearns, Trustee, Appellant, vs. Robertson and another, Cotrustees, Respondents.

*February 6—March 6, 1956.*

201

202

204

For the appellant there were briefs and oral argument by *Perry J. Stearns* of Milwaukee, *in pro. per.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* and *Wayne J. Roper* of counsel, all of Milwaukee, and oral argument by *Mr. Roper.*

STEINLE, J. The county court of Milwaukee county has jurisdiction over the subject matter and the person of appel-

lant. Attack is made by appellant upon the orders of the judge of said court in requesting the outside judges to determine matters involving the estate. It is contended that such orders are void on their face, and that the outside judges did not acquire jurisdiction. Appellant also maintains that the outside judges were disqualified from acting for the reason that affidavits of prejudice had been filed against them, and that they were in law bound to withdraw from participating in the proceedings. Appellant also submits that a trustee may not be removed where the trust has ended and it only remains to deliver the trust estate.

Sec. 253.07 (1) (a), Stats., provides *inter alia* that when a county judge or certain of his relatives are interested in a matter before the court, the judge shall be disqualified to act in relation to the matter. It provides also that when an affidavit of prejudice is filed against a county judge in a matter, he shall thereupon be disqualified to act. The statute also provides, sub. (1) (b), that no person shall be allowed to file an affidavit of prejudice against more than one judge in a matter. The statute provides, too, that the disqualified judge shall request another judge to hold court with respect to the matter.

Sec. 253.11, Stats., provides that: "Any county judge may act as county judge of any county upon the request of the county judge thereof, and while so acting he shall have the same powers as if elected for the county in which he is acting. In case the office of county judge is vacant or the county judge is totally incapacitated, such request may be made by the circuit judge for the county where the vacancy or disability exists."

It is appellant's position that the respective statutes are interrelated, and in fact integrated, and that the language in sec. 253.11, Stats., "any county judge may act as county judge of any county upon the request of the county judge thereof," relates directly and exclusively to the language in

sec. 253.07 (1) (c) that "The disqualified judge shall thereupon request another judge to hold court for the purpose of settling or deciding such matter."

Were appellant's position correct, then manifestly a county judge could under no circumstances request another to hold court in a matter unless he was disqualified because of interest, or for the reason that an affidavit of prejudice had been filed against him. Were he to be temporarily disabled, or were he burdened with an excessive calendar load, there would be no means for obtaining assistance. We cannot be persuaded that such was the intention of the legislature. The services of a county court could well be weakened, if not crippled, unless the judge thereof were permitted to call upon others for assistance. The statutes are separate and distinct, and under provisions of sec. 253.11, Stats., the county judge is given power by the legislature to request others to hold court for him at his pleasure. The invitee judge is granted authority to act in place of the inviting judge. The effect of sec. 253.11 is comparable to that of sec. 252.13 which authorizes any circuit judge to hold court or perform other judicial act in any judicial circuit of the state other than the one for which he was elected or appointed, upon request of the judge of such other circuit, or the chairman of the board of circuit judges.

In view of the conclusions here asserted, we are constrained to hold that Judge Roy R. Stauff was not without power and authority to request other county judges of the state to hear, try, and determine matters in this estate, notwithstanding that he had not been disqualified to act because of interest or that no affidavit of prejudice had been filed against him. The judges who were requested by Judge Stauff to preside in matters of the estate, were clothed with authority by statute to perform judicial acts with reference to such matters.

We proceed to a consideration of the effect of the various affidavits of prejudice filed against Judges G. L. Pattison

and J. K. CALLAHAN. In 1951 Judge STAUFF disqualified himself from further hearings in connection with the estate. The court extended to the parties an option to proceed before the other branch of the county court of Milwaukee county, or before an outside judge. All parties, including appellant, consented that further hearings be held before an outside judge. On October 19, 1951, Judge STAUFF, by order, requested Judge PATTISON to assume jurisdiction, and Judge PATTISON consented to do so. A number of hearings were held by Judge PATTISON with reference to matters of the estate. On January 14, 1954, Mr. Stearns filed an affidavit of prejudice against Judge PATTISON in connection with matters then before the court regarding consideration of the payment of attorney fees and disbursements by Mr. Stearns as trustee to attorneys for the other trustees, and also as to the delivery of the balance of the assets from the estate to the Foundation by Mr. Stearns, as trustee. Judge PATTISON declined to disqualify himself, and he rendered the order referred to in the petition of Messrs. Richardson and Robertson as set forth in the statement of facts herein. Appeal from that order was taken to this court, but the same was subsequently dismissed. That order cannot be challenged upon this appeal.

On April 22, 1955, Judge PATTISON signed the order requiring Mr. Stearns to show cause why he should not be removed as a trustee. Judge PATTISON had not relinquished jurisdiction by withdrawing from participation in the estate. Consistent with the observations and rules indicated in *Estate of Williams* (1954), 266 Wis. 403, 63 N. W. (2d) 736, we are disposed to hold that Judge PATTISON continued in the jurisdiction of matters pertaining to the estate, and that it was for him to determine whether or not he should continue to act. Concededly, with respect to any new matter in the estate, he might have withdrawn, or he might have disqualified himself or he might have become disqualified by the filing of an affidavit of prejudice against him. The order to

show cause signed by Judge PATTISON on April 22, 1955, was the commencement of a new matter in the estate. Clearly, it was within Judge PATTISON's jurisdiction to issue the order. Such issuance may be likened to the filing of a complaint in an independent cause. Mr. Stearns filed an affidavit of prejudice against Judge PATTISON in the matter on April 29, 1955, and presented the same to Judge CALLAHAN. By such filing, Judge PATTISON became disqualified under sec. 253.07 (1) (b), Stats., from continuing in the matter. However, that affidavit of prejudice could not be made retroactive to April 22, 1955. Under the statute and the rule in *Estate of Williams, supra,* it would have been correct procedure for Judge PATTISON to request the services of another judge when the affidavit of prejudice was filed in court against him. However, at the request of Judge STAUFF, Judge CALLAHAN was present and prepared to hear the scheduled matter. After the affidavit of prejudice and the special appearance directed to Judge PATTISON had been filed, Mr. Stearns addressed a motion to Judge CALLAHAN for leave to amend the affidavit of prejudice and the special appearance. Judge CALLAHAN held that such motion constituted a general appearance and a waiver of right to challenge his authority to hear the matter. Mr. Stearns contends that he was taken by surprise, and ought to have been permitted to change the name of the judge when discovering that Judge CALLAHAN and not Judge PATTISON was presiding. A special appearance must be for the purpose of urging jurisdictional objections only, and must be confined to a denial of jurisdiction. When Mr. Stearns presented the motion, he did not thereby challenge the jurisdiction of Judge CALLAHAN to act, but clearly recognized that judge's jurisdiction, and sought the exercise of it with respect to the motion. We are obliged to determine that by requesting the relief which could be granted only on the hypothesis that the court had jurisdiction, a general appearance was made. As was declared in *Ozaukee*

*Finance Co. v. Cedarburg Lime Co.* (1954), 268 Wis. 20, 24, 66 N. W. (2d) 686, such appearance waived all jurisdictional defects that might have existed in the proceedings.

The affidavit of prejudice subsequently filed against Judge CALLAHAN was a nullity for the reason that a previous affidavit of prejudice against Judge PATTISON had been filed in the same matter. Under the statutes an affidavit may be filed against only one judge in a matter.

We are compelled to determine that Judge CALLAHAN was invested with jurisdiction to hear, try, and determine the issues presented to him.

After Judge CALLAHAN's adjudication of the matter over which he presided, he issued an order to show cause as to why Mr. Stearns should not be determined guilty of contempt of court for having failed to comply with the court's order. When that show-cause order was brought on for hearing before Judge CALLAHAN, Mr. Stearns again filed an affidavit of prejudice. The court declined to disqualify itself. It cannot be considered that such proceeding was a new matter over which Judge CALLAHAN had no jurisdiction. In any event, Mr. Stearns participated in the proceeding. We find no error with reference to Judge CALLAHAN's declination to disqualify himself, or with reference to the disposition of the order to show cause. The same ruling applies to the situation when later Judge PATTISON issued a similar show-cause order relating to a matter in this estate which he had previously determined, and as to which he had not relinquished jurisdiction.

Judge CALLAHAN rendered and filed written findings, directed the removal of Mr. Stearns as trustee, and entered further orders, all as particularized in the statement of facts herein. In a trial to the court, findings of fact will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Estate of Eannelli* (1955), 269 Wis. 192, 203, 68 N. W. (2d) 791. Analysis

of the record indicates that the evidence is sufficient to sustain the findings.

A trustee is subject to removal for neglect to file accounts. 90 C. J. S., Trusts, p. 198, sec. 233. Sec. 317.06, Stats., provides that the court may remove a trustee of a testamentary trust for charitable purposes under his failure to account to the court each year at the time prescribed.

It is the duty of a trustee to comply with orders of the court, duly made in pursuance of the jurisdiction and control of the court over the trust estate. Violations of orders of the court in trust matters are punishable as contempt. 54 Am. Jur., Trusts, p. 243, sec. 308. The failure or refusal of a trustee to obey lawful orders of the court with respect to the trust is ground for his removal. 90 C. J. S., Trusts, p. 196, sec. 233. Sec. 324.35, Stats., provides that if a trustee neglects to perform an order of the court, he may be removed.

In view particularly of the findings that Mr. Stearns had neglected to properly prepare and file trustee accounts for the years 1952–1953 and 1954 and had failed to comply with the orders of Judge PATTISON as specified in Judge CALLAHAN's findings, it was clearly within the province of the court to have directed the removal, and to have ordered the delivery of the assets of the trust estate to the other trustee, and to have denied Mr. Stearns access to the safe-deposit boxes, and to have permitted access of said boxes to the other trustee. We find no merit to the contention that the court lacked power of removal of the trustee for the reason that the trust was ended and all that remained was the delivery of the assets and the accounting. The settling of the trust estate and the disposition of the assets were matters within the control of the court. It is apparent that the court was of a mind that such matters had been unreasonably delayed by virtue of the neglect as found. Under the circumstances as reflected in the findings, the order with reference to removal and as to provi-

sions following removal, did not constitute abuse of discretion.

The various orders appealed from have been separately treated and determined herein. The controlling issue relates to the order of Hon. J. K. CALLAHAN of May 3, 1955, providing for the removal of the trustee. We are obliged to sustain that order as well as all of the others from which appeal was taken.

*By the Court.*—Orders affirmed.