LAMBRECHT FARMS and another, Respondents, v. INDUS-TRIAL COMMISSION, Defendant: CATHEY, Appellant.

*November 3—November 28, 1961.*

144

For the appellant the cause was submitted on the briefs of *H. R. George* of Milwaukee.

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* of counsel, all of Milwaukee, and oral argument by *Clifford C. Kasdorf.*

BROADFOOT, J.  The trial court in a lengthy memorandum decision reviewed the testimony in the record, together with many decisions of this court involving claims for workmen's compensation. The trial court's determination was based in part upon the fact that when the Industrial Commission reviewed the findings and order of its examiner, it did not have before it a complete transcript of the testimony but only had a synopsis thereof prepared by the examiner. Therefore the case was remanded to permit the commission to review the findings and order of its examiner

146

after a study of the entire transcript and to take such other action as it may in its discretion decide.

Although the trial court stated in its memorandum opinion that it is not attempting to infer what findings the commission should ultimately make, the opinion shows that the court did weigh the testimony, particularly that of one witness, and made certain derogatory remarks with reference to it. Pointing to the testimony of the neurologist and psychiatrist who had examined the claimant both for the claimant and the insurance carrier, and particularly to that portion that might sustain the finding of the commission, the trial court stated that it was inconsistent, a fugitive opinion diametrically opposed to previous testimony, and a "quickie" at the tag end of the testimony. In spite of the assurance by the trial court that it was not attempting to infer what the commission should find, it is apparent that its language could only have that effect.

While we feel that a review of the entire transcript of the testimony is desirable, we affirm the judgment of the trial court with the suggestion that the commission disregard the weighing of the testimony and the remarks concerning the same by the trial court. The judgment permits such further action as the commission may decide, which is broad enough to permit a further hearing if the commission deems such action to be desirable.

*By the Court.*—Judgment affirmed.