CATHEY, Appellant, v. INDUSTRIAL COMMISSION, Defendant:
LAMBRECHT FARMS and another, Respondents.

*September 28—October 27, 1964.*

For the appellant there was a brief and oral argument by *H. R. George* of Milwaukee.

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* of counsel, all of Milwaukee, and oral argument by *Clifford C. Kasdorf.*

GORDON, J. This is Mr. Cathey's second appeal to this court, and we are convinced that he is foreclosed as to his

principal contentions on this appeal because the judgment on the previous appeal is *res judicata*. It is necessary that we review the development of this litigation.

Mr. Cathey claims to have been injured on April 2, 1958, while an employee of the defendant Lambrecht Farms. He made an application for compensation, and a hearing was held before an examiner of the Industrial Commission. The examiner's decision, dated November 3, 1959, was adverse to Mr. Cathey. Mr. Cathey filed a petition for review, and on January 29, 1960, the Industrial Commission reversed the examiner's decision. This order was appealed by the employer to the circuit court, and a judgment was entered, dated February 17, 1961, setting aside the award of the Industrial Commission; the case was remanded for a review of the transcript and "for such other action as the Industrial Commission may in its discretion decide." The aforesaid judgment was appealed by Mr. Cathey to this court and was affirmed. *Lambrecht Farms v. Industrial Comm.* (1961), 15 Wis. (2d) 143, 111 N. W. (2d) 916.

Pursuant to that judgment, the Industrial Commission reviewed the record, including the transcript, and on December 27, 1961, it made an order dismissing the application. Mr. Cathey sought review of that order in the circuit court. On January 20, 1964, the circuit court entered a judgment which affirmed the commission's order. It is the latter judgment which is now here on appeal.

In order to evaluate Mr. Cathey's principal contentions on the instant appeal, we would be obliged to re-examine the correctness of our previous decision, and we decline to do this. Litigation must have an end. The doctrine of *res judicata* is applicable to bar a second examination of the merits of a controversy which has previously been decided.

We will not re-examine the merits of those contentions of the appellant which were involved in the previous appeal.

Our refusal to reconsider such claims is not, however, a studied assertion that we were correct three years ago when we originally decided the matter. Mr. Justice ROBERT H. JACKSON put the concept in proper perspective when he said: "We are final not because we are infallible, but rather we are infallible because we are final."

The appellant urges that the circuit court erred in its judgment of February 17, 1961, which judgment set aside the Industrial Commission's award. The claim advanced by Mr. Cathey is that this judgment on the part of the circuit court violated sec. 102.23, Stats. However, this is the precise judgment which this court has already reviewed and affirmed. Mr. Cathey also argues that in reversing the commission the circuit court in 1961 erred in its assumption that the commission may not base its review on an examiner's synopsis as opposed to the full transcript. This question, too, was considered upon the prior appeal.

Mr. Cathey further claims that he was denied his constitutional right to a hearing on the part of the Industrial Commission after the matter was remanded. In its previous opinion, this court expressly observed that the granting of a hearing was discretionary with the commission. The circuit court's mandate, which we affirmed, did not require such a hearing. If Mr. Cathey considered our mandate to be in error, he was obliged to bring it to our attention in a motion for rehearing.

Mr. Cathey has already challenged the judgment of the circuit court on appeal and lost. *Lambrecht Farms v. Industrial Comm.* (1961), 15 Wis. (2d) 143, 111 N. W. (2d) 916. There was no rehearing, and the previous judgment is *res judicata*. This court has said on numerous occasions that a former decision of the supreme court in a cause is conclusive upon the parties and will not be reviewed on a subsequent appeal from other orders made by the circuit court in the

same cause. *Plesko v. Milwaukee* (1963), 19 Wis. (2d) 210, 120 N. W. (2d) 130; *Estate of Hill* (1956), 272 Wis. 197, 75 N. W. (2d) 582.

Also, this court held in *Lutien v. Kewaunee* (1913), 151 Wis. 607, 609, 139 N. W. 312:

"All mere questions of law which were involved in the case before, whether thought of by counsel and argued or not, were foreclosed by the decision. A judgment is just as conclusive as to minor questions which would have turned the result either way according to their determination, as upon the major or ultimate proposition, whether more than inferentially presented or not."

In *State ex rel. Littig v. Superior Court* (1939), 231 Wis. 58, 62, 285 N. W. 419, the court quoted *Monahan v. Fairbanks-Morse Mfg. Co.* (1912), 150 Wis. 512, 516, 137 N. W. 748, saying:

"A litigant 'is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal.'"

In *Litzen v. Eggert* (1941), 238 Wis. 121, 297 N. W. 382, it was held that upon entry of judgment, subsequent to the mandate of the supreme court for remand, the only question which can be reviewed on appeal is whether the judgment entered is in accordance with the mandate.

The circuit court judgment of February 17, 1961, which has been affirmed by this court, remanded the cause to the Industrial Commission to permit it to review its findings and to take such other action as it may in its discretion decide. The commission did just that; on December 27, 1961, the commission ordered that the application be dismissed, and this order was affirmed by the circuit court. There is ample evidence to support the commission's findings of December

27, 1961, and, accordingly, the circuit court was correct in affirming the commission's findings.

The appellant also urges that he was wronged by the failure of the attorney general to appear before the supreme court on his behalf at the first appeal. Sec. 102.64 (3), Stats., provides as follows:

"In any action to review an order or award of the commission, and upon any appeal therein to the supreme court, the attorney general shall appear on behalf of the commission, whether any other party defendant shall be represented or not, except that in actions brought by the state the governor shall appoint an attorney to appear on behalf of the commission."

The command of the statute would appear to be mandatory. However, if the commission were to acquiesce in the trial court's decision, it would seem obvious that no appearance would be required by the attorney general in the supreme court. On the other hand, if the commission desires that the appeal to the supreme court be pursued, the attorney general's obligation under the statute would necessitate his appearance.

In any event, even if this statute had been violated by the attorney general in the instant case, it would be of no avail to Mr. Cathey because the holding in the previous appeal is *res judicata*. On the present appeal, the commission held against the employee, so his objection concerning the non-appearance of the attorney general can only logically relate to the previous appeal.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.