**Robert L. BORUM, Plaintiff,**

v.

**AMERICAN MOTORS CORPORATION, and the Wisconsin Department of Industry, Labor and Human Relations, Defendants.**

**No. 69-C-52.**

United States District Court
E. D. Wisconsin.

May 20, 1969.

Lloyd A. Barbee, Milwaukee, Wis., for plaintiff.

Gordon Samuelson, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for Wisconsin Dept. of Labor, Industry and Human Relations.

Alfred E. La France, La France, Thompson, Greenquist, Evans & Dye, Racine, Wis., for American Motors Corp.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Each defendant has moved to dismiss the plaintiff's complaint under rule 12 (b), Federal Rules of Civil Procedure. The defendants contend upon this complaint that the plaintiff does not have a claim upon which relief can be granted; the defendants argue that the gravamen of the plaintiff's complaint has been decided by previous administrative procedures and judicial rulings, and, as a result, the claim is res judicata.

In his complaint the plaintiff contends that he has been deprived of rights under the fourteenth amendment and seeks redress in this court under 28 U.S.C. § 1343(3). The plaintiff also asks for declaratory relief under 28 U.S.C. § 2201.

All parties have submitted briefs to assist the court in determining the instant motions. The court is mindful of

the many admonitions against the indiscriminate use of granting dismissals or summary judgments without trial. However, the clear and uncontroverted record of previous proceedings brought by Mr. Borum, all arising out of the very same transaction, persuades the court that the motions for dismissal must be granted.

In his present complaint, the plaintiff alleges that he was injured in an industrial accident on March 31, 1955. He urges that he was not given a complete hearing as to the nature and extent of his injuries. In my opinion, the long chronology of prior litigation relating to this injury before a state administrative agency, the state trial courts, the Wisconsin supreme court, and the United States Supreme Court, fully contradict his contention that any rights under the fourteenth amendment have been denied to him.

Aware that a litigant is not entitled to a retrial of an issue which he has or could have litigated in an earlier trial, the plaintiff seeks relief under 28 U.S.C. § 1343(3). However, it is clear from both Mr. Borum's complaint and the record of prior decisions in other tribunals that this is not a case of "discrimination" as to which a federal court should proceed under 28 U.S.C. § 1343. As in Powell v. Workmen's Compensation Board of New York, 327 F.2d 131 (2d Cir. 1964), the plaintiff would appear to be a disappointed claimant in proceedings which originated before a state administrative agency. In *Powell*, the complaint was dismissed since the plaintiff failed to show any intentional or purposeful deprivation of constitutional rights.

No useful purpose would be served by my itemizing in this decision the extensive prior proceedings in which Mr. Borum has pursued his claim in other courts and agencies. The briefs of the defendants carefully itemize this prior litigation, and it is not contradicted in the plaintiff's memorandum.

 I conclude that the doctrine of res judicata demands that the prior judgments in Mr. Borum's case be respected. Cathey v. Industrial Comm., 25 Wis.2d 184, 130 N.W.2d 777 (1964). Mr. Borum's allegation that he did not receive a "complete" hearing on his claim is insufficient, in my opinion, to warrant this court's re-examining his claim upon his theory that his constitutional rights have been impinged.

Therefore, it is ordered that the defendants' motions to dismiss the complaint be and hereby are granted.